## CRAWFORD *v*. CICOTTE.

1. BROKERS—COMMISSIONS—BREACH OF CONTRACT.

A real estate broker who secured an option in writing upon real property to be sold within a year, was not entitled to his commissions after a sale by the owner within the agreed time limit unless he could establish that he had secured a buyer who was willing and able to pay the contract price in the length of time fixed by the writing,

though it appeared he had advertised the land and had exhibited it to possible customers.

2. SAME—CONTRACTS—ANTICIPATORY BREACH—OPTIONS.

In an action for commissions under a broker's contract, commenced before the time stipulated in a written option for a year, upon the theory of an anticipatory breach, the plaintiff could not recover without showing that he had obtained a buyer for the real property at the price and on the agreed terms.

OSTRANDER and BIRD, JJ., dissenting.

Error to Wayne; Codd, J. Submitted April 8, 1915. (Docket No. 26.) Decided June 7, 1916.

Assumpsit by Samuel Crawford against Edward A. Cicotte and another for breach of a contract in the nature of an option. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*James Swan* (*John D. Harger*, of counsel), for appellant.

*Daniel P. Cassidy*, for appellees.

BROOKE, C. J. Defendants authorized the plaintiff to sell a certain piece of land by the execution of the following written contract:

"DETROIT, MICH., Feb. 23, 1911.

"I hereby authorize Samuel Crawford, Jr., of the city of Detroit, Wayne county, Michigan, an option on the following described property for one year from the date thereof. Expires February 23, 1912.

"Property described as follows, to wit:

"As lot numbered No. 9 (nine), being on the north side of Jefferson Ave., formerly River St. being 487 50/100 feet on said road, 166 feet on Rouge river also being 232 14/100 feet on the westerly boundary line of lot numbered five (5), containing about 2 acres more or less according to Cicottes subdivision of P. C. 588 according to a recorded plat thereof, recorded May 15, 1889, Liber 12, page 86, of Plats.

"The above option is given for the consideration of

$5.00, 5% for sale of same and sale must net $10,000.00.

"EDWARD A. CICOTTE. [L. S.]
"ELIZA E. CICOTTE. [L. S.]"

Later, and before the expiration of the year mentioned in the contract, defendants themselves secured a purchaser for said land for the sum of $15,000. After said sale was consummated and the parties having failed to reach a settlement of their differences, the plaintiff brought suit before the expiration of the year. Upon the trial plaintiff gave evidence tending to show that he had advertised said property to some extent and had shown it to a great many prospective buyers. Up to the time of the sale, however, he had secured no purchaser for the land at or above the price named in the contract. Upon learning of the sale, he discontinued his efforts to himself make a sale of the property, and this action followed. The trial resulted in a judgment for the defendants upon a verdict directed by the court.

The only meritorious question raised upon the record is whether a verdict was properly directed for the defendants. It is the claim of the appellant that by selling the property within the year during which he had an exclusive right to the sale, the defendants breached the contract, and of this there can be no doubt. It is further the claim of appellant that in this action he is entitled to recover by way of damages the profits which he would have made had he made a sale within the time limited by the contract. His counsel says:

"It has been frequently held by the courts that when a breach of contract results in the loss of profits to the plaintiff, and the contract is one in which a profit accruing to the plaintiff is so contemplated, the amount of such profit is recoverable" (citing *Burrell* v. *Salt Co.*, 14 Mich. 34; *Atkinson* v. *Morse*, 63 Mich. 276 [29 N. W. 711]; and *Fell* v. *Newberry*, 106 Mich. 542 [64 N. W. 474]).

There is no doubt about the correctness of the rule laid down in the decisions cited. The only question is whether they are applicable to the facts disclosed by the record before us. In the case at bar it does not affirmatively appear that the plaintiff lost any profits through the breach of the contract by the defendants. Up to the time the sale was consummated by the defendants, he had secured no purchaser willing to pay the price demanded by the defendants. Whether he would have been able to secure such a purchaser within the time limit fixed by the contract is entirely problematical. By the terms of the contract itself he was entitled to compensation only upon making a sale of the premises. This he did not do.

The case of *Axe* v. *Tolbert*, 179 Mich. 556 (146 N. W. 418), cited and relied upon by plaintiff, is not applicable to the facts here under consideration. There the contract provided for certain compensation to be paid to the plaintiff agent in case the sale was made by the principal. We there said:

"A broker may be entitled to a commission on a sale made by the owner without the broker's co-operation, if they see fit to so provide in the contract of agency. Such contracts are not to be confused with the ordinary and general contract of brokerage, where compensation is entirely contingent on the broker finding and producing a purchaser."

Had the plaintiff produced a customer able and willing to buy under the terms fixed in the contract, prior to the date of the sale effected by defendants, he would have been entitled to recover under our holding in the case of *Wright* v. *Beach,* 82 Mich. 469 (46 N. W. 673). So far as this record discloses, the breach of the contract on the part of the defendants was, as to the plaintiff, *damnum absque injuria.* There is no intelligent basis upon which the jury could be instructed to measure the damages suffered by the plaintiff by reason of said breach.

The judgment is affirmed.

MCALVAY, KUHN, STONE, MOORE, and STEERE, JJ., concurred with BROOKE, C. J.

OSTRANDER, J.  I am not able to distinguish this case and *Davis-Fisher Co.* v. *Hall*, 182 Mich. 574 (148 N. W. 713, L. R. A. 1915A, 1224), in principle.

BIRD, J., concurred with OSTRANDER, J.