## HENDRICKS v. COBB.

1. BROKERS—COMPENSATION, WHEN EARNED.

    To entitle a broker to recover for making a loan he was employed to make, but which was not accepted by the principal, it was necessary for him to show that he had produced a person willing, ready, and able to make the loan.

2. SAME—PROOF.

    Proof of statements to plaintiff by a lawyer that he had a client ready to make the loan, *held*, insufficient to prove that plaintiff had a person willing, ready, and able to make the loan.

3. Same—Liability Where Several Brokers Employed.

Where several brokers were employed to secure a loan, the employer, provided he remains neutral towards the several brokers, is liable for commissions only to the one who first completes the loan, or if he has not delegated authority to conclude the transaction, to the one who first produces a person able, ready, and willing to make the loan on terms agreeable to the employer, and this without any express contract to that effect.

4. Same—Authority to Close Deal—Liability for Commission.

Where there was some evidence that defendant authorized plaintiff to close the deal for the loan, it was not erroneous for the trial court to express the opinion that, in order to save himself from the danger of being called upon to pay two parties for procuring the loan, defendant should have made such a contract with plaintiff as would have protected defendant, and that at the least he should have informed plaintiff that he was seeking the loan elsewhere and would not be held to ·pay if he succeeded in getting it before plaintiff did.

Error to Barry; Smith (Clement), J. Submitted November 4, 1919. (Docket No. 77.) Decided December 23, 1919.

Assumpsit in justice's court by Hartley E. Hendricks against Ira Cobb for a broker's commission. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Reversed.

*N. A. Cobb* and *W. W. Potter*, for appellant.

*Thomas Sullivan* and *Milton F. Jordan*, for appellee.

Bird, C. J. Defendant was the owner of a large farm in Barry county upon which he desired to negotiate a mortgage loan of $5,100. He applied to plaintiff to negotiate it for him. The agreed consideration for obtaining the loan appears to have been $50, and in addition thereto any expense plaintiff might incur in taking prospective lenders to view the premises. Plaintiff took two persons to view the farm, but both re-

fused to make the loan. He then had some talk with one Gleason, a lawyer of Grand Rapids, who had a client with funds to loan on mortgage security. Gleason's representative was taken to the farm and made a favorable report, whereupon Gleason advised plaintiff that in the event his client took the loan he would have to charge $50 for his services in examining the abstract. Plaintiff called the defendant by telephone and advised him of the talk with Gleason. Defendant replied that he would pay the additional fee and advised plaintiff "to hurry it up as he was very anxious to secure it." The following day Gleason's client concluded to take the loan if the abstract showed defendant had a clear title. Plaintiff called defendant on the telephone again and communicated this information to him and requested him to come to Grand Rapids and bring his abstract. Defendant replied that the abstract was in New York, that it would be returned within a day or two, and he would come over to Grand Rapids with it. A few days later defendant informed plaintiff that the loan had been taken in New York, and that he would not need the Gleason loan. The matter being concluded plaintiff demanded his fee, insisting that he had earned his commission. The defendant did not agree with him and this suit was commenced to enforce the payment thereof. At the conclusion of plaintiff's case defendant insisted that plaintiff had not shown facts which entitled him to recover. In support of this contention counsel insist that it was the duty of plaintiff to show affirmatively that he produced a person who was willing, ready and able to take the loan. It was argued that plaintiff had not discharged this burden and that no competent proof was offered to show that such a person was produced.

1. It is, undoubtedly, true, as argued, that to entitle plaintiff to recover it was necessary for him to

show that he had produced a person willing, ready and able to make the loan. *Wright* v. *Beach,* 82 Mich. 469; *West* v. *Hudson,* 171 Mich. 669; *Crawford* v. *Cicotte,* 186 Mich. 272. An examination of the plaintiff's testimony discloses that his proofs were defective in this respect. Upon cross-examination the plaintiff admitted that he did not know the party who was to furnish the loan and did not know whether she was worth "fifty cents or five thousand dollars." In fact, he admitted he knew nothing about her willingness, readiness or ability to make the loan, save what had been told him by Gleason. Neither Gleason nor the party who was to make the loan was produced. With the proofs in this state, we are of the opinion that plaintiff was not entitled to recover.

2. In view of the fact that a retrial must be had, another question over which counsel are at variance should be noticed. The trial court expressed the opinion that:

"It must be admitted that it is a seeming hardship that defendant should pay two parties for procuring this loan. It is my judgment, however, that in order to save himself from the danger of being called upon to do so, he should have made such a contract with plaintiff as would have protected him, and that at the very least he should have informed him that he was seeking the loan elsewhere, and would not be held to pay the plaintiff should he succeed in getting it before the plaintiff did."

Defendant's counsel insist that this is an erroneous view of the law because plaintiff did not have an exclusive agency and because plaintiff did know that others were working on the loan, and authorities are cited to the effect that where several brokers act independently and with knowledge of the fact that one who first completes the sale or obtains the loan is entitled to the commission. Among these citations is 4 R. C. L. p. 335, which states the rule to be that:

"Where the same property is placed for sale with two or more brokers, the owner, provided he remains neutral towards the several brokers, is liable for commissions only to the one who first completes the sale, or if the owner has not delegated authority to conclude the transaction, to the one who first produces a customer, able, ready and willing to purchase the property on terms agreeable to the owner; and this is true without any express contract to that effect." Citing authorities.

Under this rule, if plaintiff first obtained the loan, then he was entitled to his commission. The court having found, as a matter of fact, that plaintiff did first obtain it, the judgment in his behalf would be amply supported by conclusions of law and fact. The remaining conclusion of law in this connection that if defendant desired to save himself from the danger of being called upon to pay a second time he should have protected himself by an agreement with the defendant to that effect, is objectionable unless defendant authorized him to close the deal with Gleason. There was some proof to this effect, and, therefore, we cannot hold that this conclusion of law was unwarranted.

The judgment must be reversed and a new trial ordered, with costs of both courts to the defendant.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.