## 11966. CRAWFORD v. ENGLISH.

The allegations of the petition, by which the plaintiff sought to recover a commission as broker on a sale of land made by the owner, set forth a cause of action; and there was no error in overruling the demurrer on all its grounds, general and special.

The alleged contract between the broker and the owner of the land was not unilateral.

The description of the land in the petition was sufficient, it being there described as " the 1,400 acres of land located in Sumter and Schley counties, Georgia, on which the said John Crawford then resided and which he subsequently sold to R. L. McMath, and being the place in said two counties on the Bumphead public road and the Sumter and Schley county line passing through same, which the said R. L. McMath now owns and is in possession of."

(a) It was not necessary that the description be as definite and complete as in a deed of conveyance.

DECIDED MARCH 26, 1921.

Complaint; from city court of Americus — Judge Harper. October 14, 1920.

W. L. English sued John Crawford for commissions on the sale of certain real estate owned and sold by Crawford. The original petition alleges, in substance, that on June 30, 1919, Crawford entered into a contract with J. H. Purvis (a copy of which is attached to the petition), in which he gave to Purvis the exclusive right to sell 1400 acres of land in Sumter and Schley counties, at an agreed price and upon stated terms; that Purvis employed the petitioner to aid him in his efforts to sell the land in pursuance of the terms of the contract, and employed also for the same purpose one P. D. Williford, and the three of them worked together from the date of the contract with Purvis until the date of its expiration on September 30; that

the petitioner, while associated with Purvis, had frequent communications with one R. L. McMath with reference to the purchase of the property, and took him over it on several occasions; and that after September 30, when the contract with Purvis expired by its terms, the petitioner had several conferences with Crawford, who wanted him to continue his efforts to sell the property, as Crawford was quite anxious to dispose of it, under the same terms as contained in the contract with Purvis, but he refused to do this, and advised Crawford that he would do all in his power to sell the property on condition that Crawford would pay him the usual commission of five per cent. for making the sale; that following the instructions of Crawford to make said sale he had several other conferences with McMath, and urged McMath to buy, and that following these negotiations, which were continued with the knowledge of Crawford, Crawford in November, 1919, completed the sale of his lands in Sumter and Schley counties, on which he resided, including all his personal property on said place, to said McMath for $77,000, the same being the property Crawford had urged plaintiff to sell for him. He prayed for a judgment against Crawford for $3,850. The written contract attached to the petition was as follows: "Americus, Ga., 6/30, 1919. I hereby give J. H. Purvis, of Americus, power of attorney to sell for me the following property: 1400 acres of land, more or less, in counties of Sumter and Schley, State of Georgia, where I now live, at $50 per acre net to me, to be paid on the following terms: One half cash, balance terms to be agreed upon; deferred payment 7% interest. I agree to pay said J. H. Purvis all over $50 per acre place sells for, on gross amount; and I further agree that said J. H. Purvis shall have the exclusive right of selling, but I reserve the right to revoke this agreement after three months. John Crawford (L. S.)." In paragraph 11 of the original petition it was alleged that 5% was the usual commission on such sales and that the services rendered by the plaintiff were worth the same.

By an amendment to the petition the plaintiff alleged that on the expiration of the Purvis contract the defendant asked the plaintiff to sell "his place, that is, the 1,400 acres of land located in Sumter and Schley counties, Georgia, on which the said John Crawford then resided and which he subsequently sold to

R. L. McMath, and being the place in said two counties on the Bumphead public road and the Sumter and Schley county line passing through same, which the said R. L. McMath now owns and is in possession of;" that the plaintiff advised the defendant that he "would undertake to sell it for him at $50 per acre" if the defendant would pay him 5% commission and give him until January 1, 1920, to sell, "to all of which the said John Crawford then and there agreed, and insisted that petitioner sell the land as quickly as possible." It was alleged that, following the understanding and agreement with Crawford, the plaintiff continued to keep as a customer the said R. L. McMath whom he had first interested in the property under the Purvis contract, and advised Crawford that R. L. McMath was interested, and that he felt sure that he could sell the property to McMath; that he was in constant communication with McMath, and had frequent conferences with him, up to the day immediately prior to the closing of the deal between Crawford and McMath, and that he had a conference with the son of Crawford, who was working with Crawford, in reference to the sale to McMath, on the day before the closing of the sale by Crawford to McMath, and that while the plaintiff was not present when the papers were actually drawn, and had not been notified by Crawford to be present, he procured the purchaser who actually bought and paid for the said property in cash, under the terms given to the plaintiff by Crawford; that the property was sold by Crawford to the plaintiff's purchaser, and under and by virtue of the agreement which Crawford entered into with the plaintiff.

To the original petition the defendant filed general and special demurrers, contending that the allegations of the petition do not clearly and distinctly set forth a cause of action, that the contract attached to the petition is not a contract in the petitioner's own name, and that there is no assignment of it, and that the plaintiff has no contractual rights thereunder as against the defendant; that the suit seeks to recover on an express contract and at the same time seeks to recover on a quantum meruit, and these are not such rights as can be pleaded in one and the same suit; that the contract attached to the suit is not a valid contract, in that its terms are too indefinite to be the basis of

a suit, there being no definite terms stated in the contract giving to Purvis the right to sell the property alleged to have been sold, and no description of the property placed with Purvis for sale; that there is no description of the property alleged to have been sold either in the contract attached to the petition or in the petition itself; that the terms on which the property is to be sold by the plaintiff are not alleged; that the suit is duplicitous and seeks to recover on an express and an implied contract, and that the paragraphs of the petition are so intermingled, referring to both express and implied contracts, that it is impossible to distinguish the one from the other.

After the amendment to the petition had been filed, the defendant renewed the demurrer, on the same grounds and on the additional ground that the contract set out in the amendment was unilateral and not binding on the defendant, in that there were no corresponding obligations resting upon the plaintiff; that there was no consideration shown for the making of the contract; that there is a misjoinder of causes of action, in that the original petition seeks to recover on an implied contract and the amendment seeks to recover on an express contract, and that the original petition shows that one Purvis had the exclusive contract of sale of the land and that the defendant was working under Purvis and under the Purvis contract, and no right of recovery was shown in the plaintiff. The court sustained the demurrer as to paragraph 11, which was demurred to as being an effort to recover in the same action on both an express and implied contract, and overruled all the other grounds of demurrer. The defendant excepted.

*Wallis & Fort,* for plaintiff in error.

*W. T. Lane & Son, W. W. Dykes,* contra.

HILL, J. (After stating the facts.)

1. Where property is placed in a broker's hands for the purpose of sale, the broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner. This is a right given to brokers by statute, which has so frequently been emphasized by the decisions of the Supreme Court and this court that it seems that citation of authorities is unnecessary. Civil Code (1910), § 3587; *Harvil* v. *Wilson,*

11 *Ga. App.* 156 (74 S. E. 845). The right of the owner to sell property which has been placed in the hands of a broker for sale, unless it be otherwise agreed, is also recognized by statute, and this right has also been upheld by decisions of this court and of the Supreme Court. But this right of the owner does not authorize him to take advantage of the work of his agent in procuring a purchaser for the property, nor to breach his contract with the agent and deprive the agent of commissions which have been earned under the contract, by himself making a personal sale to the customer who has been procured by the activities of the agent; in other words, where the agent has procured a customer or purchaser by his efforts in that behalf, the owner cannot deprive him of his commissions by completing the sale of which the agent was the producing cause. The law contemplates that the owner shall assert his right to sell his property only on condition that he will do so without a breach of the contract made with his agent. *Brown* v. *Stokes,* 25 *Ga. App.* 254 (103 S. E. 423); *Doonan* v. *Ives,* 73 *Ga.* 295.

2. The objection is made by the demurrer that the plaintiff had no right to sell the property for his own benefit, because the previous contract made with Purvis to sell the same property, and his employment by Purvis to aid him in such sale, are in conflict with the allegations of the petition on this subject. These allegations showed that the contract made with Purvis by the defendant had expired by its express limitation before the contract made with the plaintiff; that after the expiration of the Purvis contract the defendant made a different contract with the plaintiff for the sale of the property, and it is manifest that reference to the Purvis contract is only by way of inducement, to show how the plaintiff came in touch with R. L. McMath, who subsequently became the purchaser of the property as the result of the negotiations with him by the petitioner, which were commenced under the Purvis contract and were completed under the petitioner's individual contract with the defendant. There is no allegation in the petition which justifies the criticism made by the demurrer that the plaintiff's alleged right to recover his commissions was inconsistent with his fiduciary relationship with Purvis under Purvis' contract, for the allegations as to this point and the express terms of the Purvis con-

tract show that the Purvis contract had expired by its own limitations, and that the plaintiff's services were rendered under his own contract, made with the defendant after the expiration of the Purvis contract.

3. There is no merit whatever in the criticism, made by the supplemental demurrer, that the contract was unilateral. Both the contract with Purvis and the special contract subsequently made with the plaintiff, under which his rights accrued, are explicit as to the terms and conditions. It was expressly agreed, according to these allegations, that the described property was to be sold for the express price of $50 per acre cash to the owner, and that the plaintiff undertook to do this by the first day of January thereafter for the agreed commission of 5 per cent.; and the allegation is expressly made that all of these terms were agreed to by the defendant after they had been proposed by the plaintiff, and that, after the contract had been thus agreed on, the plaintiff had fully performed his part thereof and had earned his commissions as therein stipulated. Nor is there any merit in the criticism of the demurrer that the property to be sold was not sufficiently described. Indeed we think that the description of the property was entirely sufficient to identify the property placed with the agent for sale, even without the aid of aliunde evidence. We do not think that the description of property placed in the hands of a broker for sale needs to be as definite and complete as that which should be made in deeds of conveyance. After giving to all the grounds of the demurrer careful consideration, in connection with the allegations of the petition that are specified, with the exception of the one sustained by the trial judge, we are of the opinion that none had merit. The allegations of the petition clearly, distinctly, and sufficiently set forth a cause of action and a right of recovery, if proved, under the rules of law embodied in the code section referred to in this opinion and under the repeated rulings of the Supreme Court and of this court in relation thereto.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*