13976.  CRAWFORD *v.* ENGLISH. ·

JENKINS, P. J.  This was a suit by a real-estate broker, claiming commissions in the sum of $3,850 on account of having procured the purchaser for certain realty sold by the owner during the term of the plaintiff's contract and pending the plaintiff's negotiations with the purchaser.  The allegations of the petition are set forth in *Crawford* v. *English*, 26 *Ga. App.* 563 (106 S. E. 621), where it was held that a good cause of action was alleged and that the petition was not subject to the general or the special demurrers. On the trial a verdict was rendered for the plaintiff in the sum of $1,000.  The defendant excepted to the overruling of his motion for new trial, based on the general grounds and on alleged errors in the charge of the court and the court's refusal to charge as requested. *Held*:

1. The evidence, though in conflict, both as to the existence of the contract sued upon and as to whether the purchaser to whom the property was sold had been procured by the plaintiff, does not fail to authorize a finding in his favor.

2. As in effect held by this court in its previous adjudication on the demurrer, the fact that the purchaser may have originally become interested in the property through the efforts of the plaintiff at a time when the plaintiff was acting as the employee of another broker, who then had the exclusive right to sell, would not defeat the claim of the plaintiff under his own contract with the defendant, entered upon after the expiration of the prior agreement with the plaintiff's employer, where it appears that, after the expiration of the first contract and during the term of the plaintiff's individual and subsequent contract, he continued active negotiations with the prospective purchaser up to the time of the purchase of the property from the owner.

3. The court clearly and correctly charged the contentions of the plaintiff with reference to his subsequent commission contract for the sale

of the land, as made by his pleadings and evidence; and the jury could not have been misled to the injury of the defendant by certain subsequent references thereto wherein the plaintiff's contentions were inaptly stated. Any possible injury thus resulting could have been harmful only to the plaintiff.

4. The court, in accordance with the law of the case as announced in the previous decision, correctly set forth the only theory under which the plaintiff would be entitled to recover; and it did not err in refusing any of the requests to charge submitted. The request with reference to the duty of the plaintiff to find a purchaser for the personal property was not authorized by the plaintiff's pleadings and evidence. The request to the effect that the plaintiff could not recover for work done by him under the previous and expired contract between the defendant and the plaintiff's former employer was fully and clearly covered by several portions of the charge.

<em>Judgment affirmed. Stephens and Bell, JJ., concur.</em><br>DECIDED APRIL 18, 1923.

Complaint; from city court of Americus — Judge Harper. September 6, 1922.

*Wallis & Fort,* for plaintiff in error.

*W. W. Dykes, W. T. Lane & Son,* contra.