31283. CANTRELL *v.* JOHNSTON *et al.*

DECIDED JULY 10, 1946.

*J. H. Paschall, R. F. Chance,* for plaintiff.
*Henry L. Barnett, Y. A. Henderson,* for defendants.

FELTON, J. ■ While it is generally the rule that one may not vary the terms of a contract in writing, it appears that the parties in this case made use of one of the standard printed, option-contract forms in reducing their agreement to writing, and omitted to fill in the blanks with reference to the plaintiff's compensation. It is alleged that the plaintiff, in September, 1942, during the life of the agreement, secured the purchasers, who were ready, able, and willing to purchase the lands of the defendants. However, when in September the time came for closing the sale, it developed that there were certain flaws in the defendants' title, and it was orally agreed that the option would be extended until the defendants' attorneys could cure the defects in the title, and that the plaintiff would receive his commission or the excess over and above the sum of $4500. This oral agreement as to the plaintiff's commission or compensation does not vary, add to, or take from the written agreement, but merely makes certain the consideration for the plaintiff's services, an item obviously omitted from the written agreement.

■ The written contract was entered into for the purpose of securing the services of the plaintiff in selling the lands of the defendants; and while it contained an option to purchase on the part of the plaintiff, reduced to its essential elements, the contract was nothing more than a brokerage contract for the sale of the lands of the defendants for $4500; and this, taken with the oral agreement as to the amount of the plaintiff's compensation for such services, which consideration, as we have said, was omitted from the written contract, constituted a contract to sell the lands of the defendants for $4500, with the understanding that the plaintiff would receive any excess of this amount. This is a contract for services and not one for the sale of land, and does not, therefore, come within the statute of frauds as constituting a contract for the sale of lands (*Watson* v. *Brightwell*, 60 *Ga.* 212; *Garrett* v. *Wall*, 29 *Ga. App.* 642, 116 S. E. 331; *Lingo* v. *Blair*, 32 *Ga. App.* 111, 122 S. E. 802) ; and even if the contract were to be said to be required to be in writing ordinarily, the plaintiff alleges that he had fully performed his part of the contract by securing purchasers who were agreeable to the defendants and who were ready, able, and willing to purchase; and who, indeed, did purchase the lands of the defendants, and would, therefore, come within the exception of the Code, § 20-402 (2).

■ Whether or not the plaintiff's allegation that the land was sold during the life of the contract is a conclusion of the pleader is immaterial under the facts of the case, as it is of small moment when the sale actually took place. The plaintiff's commission was earned as soon as he produced purchasers agreeable to the defendants who offered to purchase and who were ready, able, and willing to do so on the terms stipulated by the owner—nothing else appearing. Code, § 4-213.

■ In view of what has been said in the foregoing divisions of the opinion we think that the petition set forth a cause of action against Mrs. L. A. Johnston, Claude Johnston, Pearl Johnston, and Mildred Johnston; and while there may or may not be some misjoinder of parties—and on this we express no opinion—this must be taken advantage of by special demurrer at the first term and cannot be reached by a general demurrer. *Reese* v. *Reese,* 89 *Ga.* 645 (15 S. E. 846).

For the foregoing reasons the court erred in sustaining the joint demurrer of Mrs. L. A. Johnston, Claude Johnston, and Pearl Johnston.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*