### 34096. Cole v. Pursley.

CARLISLE, J. 1. Where, by the terms of a so-called exclusive brokerage contract for the sale of a certain business, it is provided that, "in the event of a sale . . is made, or a purchaser [is] procured by you [the broker], by the undersigned [the owner], or any other person, at the price herein specified . . during the life of this contract . . the undersigned [the owner] agrees to pay you [the broker] agent's commission in accordance with this contract," a sale by the owner during the life of the contract for the price stated in the contract, being within the contemplation of the parties and provided for in the contract, does not constitute a breach of the contract; and

2. Where, in such a contract as indicated above, it is provided that the sale price shall be $15,000 net to the owner, and that "all over and above said net price to be paid to agents . . [the broker], as commissions; [and] if sold (with agreement of seller) for less than said net price then . . [the owner] hereby agrees to pay . . [the brokers] 10% as their commission and compensation for selling said above described business," which constitutes the entire agreement as to commissions and compensation to be paid to the broker by the owner, such contract, properly construed against the broker who prepared it, provides that no commission or compensation is to be paid

by the owner to the broker in the event of a sale, by whomsoever, for $15,000 net to the owner; and,

3. Where, in a suit brought by the broker against the owner for an alleged breach of the express contract, it appears from the petition that the owner, during the life of the contract, had sold the business himself for $15,000 to a purchaser to the broker unknown, such petition set forth no cause of action on the express contract, and it was error to overrule a general demurrer thereto.

4. While it is true that, as against a general demurrer, a petition which sets forth a cause of action upon any theory should not be dismissed (*Hoffman* v. *Louis L. Battey Post,* 74 *Ga. App.* 403, 414, 39 S. E. 2d, 889, and cases cited), even if the petition be construed as an action on quantum meruit, still it does not show that the broker performed any services or did anything toward the sale of the business from which the law could imply a promise to pay. See, in this connection, 12 Am. Jur., 505, § 7, on the coexistence of express and implied agreements.

The petition failed to set forth a cause of action upon any theory, and the trial court erred in overruling the general demurrer thereto.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED JULY 3, 1952.

*Poole, Pearce & Hall, William F. Lozier, J. R. Goldthwaite Jr.,* for plaintiff in error.

*W. George Thomas,* contra.

The plaintiff, J. B. Pursley, doing business as American Business Brokers, through his agent Darwin Cobb, on August 14, 1951, entered into a contract with M. B. Cole. The contract, which had been prepared by Pursley, was printed and contained the following material provisions: "For and in consideration of one dollar, receipt of which is hereby acknowledged, and in consideration of the services to be performed by American Business Brokers, hereinafter called agents, I (we), the undersigned, hereby constitute and appoint agents, their successors and assigns, my (our) exclusive sales agents, to the exclusion of myself, and it is further agreed that *seller will pay full commission as outlined in this contract* should a prospective buyer to whom written notice has been given by seller purchase business within twelve (12) months after this contract date; and for the consideration aforesaid grant them the exclusive sales rights, as my (our) only authorized agents to sell, exchange, and negotiate for sale my (our) business, including my (our) complete stock of merchandise, equipment, fixtures, and good will known as

North Side Cafe located at 980 Peachtree, a more complete description being listed on the back of this contract, and by reference made a part hereof, part or all, at the price and terms set out in this contract, together with description and details on the back hereof.

"The term of this contract shall be 60 days, however, *in the event a sale or exchange is made,* or a purchaser procured by you, *by the undersigned,* or any other person, at the price herein specified, or at any other price acceptable to the undersigned, during the life of this contract, or if sold or exchanged within 12 months after the termination of this contract to any one, with whom you negotiated during the life of the contract, and whose name you have given the undersigned in writing prior to the termination of the contract, *the undersigned agrees to pay you agent's commission in accordance with this contract.* The agency created hereby is irrevocable by the undersigned during the term of the contract. . .

"Sale price $15,000.00 net to me (us).

*"All over and above said net price to be paid to agents, American Business Brokers, as commissions. If sold (with agreement of seller) for less than said net price then I (we) hereby agree to pay American Business Brokers 10% as their commission and compensation for selling said above described business. . ."*

On August 31, 1951, the plaintiff filed suit in the Civil Court of Fulton County against the defendant, and alleged in his petition, as finally amended, that on August 30, 1951, while the contract was still in force and effect, the defendant informed the plaintiff's agent that he had sold the business to a person unknown to the plaintiff, but known to the defendant, for $15,000; that the defendant's sale of the business, either by himself or by another agent, violated the terms of the contract; and that the plaintiff is entitled to the commission of $1500 in accordance with the terms of the contract.

To the petition, as finally amended, the defendant filed both general and special demurrers, which were overruled, and the defendant excepted and now in this court assigns error upon the judgment overruling the demurrers, both general and special.