38254. ORR *et al.* v. SMITH.

DECIDED JUNE 17, 1960—REHEARING DENIED JULY 5, 1960.

**42**

D. W. *Rolader*, for plaintiffs in error.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley*, contra.

FELTON, Chief Judge. The only question argued by counsel is whether the contract of listing is too vague and indefinite to support a cause of action for the recovery of sales commissions. The contention of the defendant in error is that (1) the description of the property is too vague and indefinite and (2) that the price is too vague and indefinite, but only the first point is argued. The second contention is obviously without merit.

A contract listing real property for sale with a broker is not subject to the same rules as a contract for the purchase and sale of real property. It does not come within the statute of frauds so as to require that it be in writing. *Lingo v. Blair,* 32 Ga. App. 111 (122 S. E. 802); *Cantrell v. Johnston,* 74 Ga. App. 74 (2) (38 S. E. 2d 893) and cases cited. It was stated in *Crawford v. English,* 26 Ga. App. 563, 568 (106 S. E. 621): "We do not think that the description of property placed in the hands of a broker for sale needs be as definite and complete as that which should be made in deeds of conveyance." We think that this should be the true rule and we are of the opinion that it is the majority rule over the nation even in States which require a brokerage contract, or contract of listing, to be in writing. 80 A. L. R. 1466. We are of the opinion that all that is necessary to recover on such a contract is to allege and prove that the property attempted to be described in the contract is the same property intended to be listed by the owner and offered for sale by the broker. When this is shown to the satisfaction of the triers of fact we do not see how any harm can be done, especially in view of the fact the contract is not required to be in writing. To illustrate: the owner of a house shows a broker to a house, points it out and offers him a commission to sell it for a fixed price or on other terms. The property has not been described, but could it reasonably be said that the broker did not earn a commission if he sold the house pointed out to him and otherwise complied with the contract of listing? We think not. We think the petition in this case is sufficient to allege as against general demurrer that the houses sold were those listed. If the broker showed and sought to sell the wrong houses and did not interest the purchasers in the right ones it could be shown as a matter of defense. All of the cases cited by the defendant in error are cases involving contracts of purchase and sale and not mere listing contracts.

The court erred in sustaining the motion to dismiss the petition.

*Judgment reversed. Nichols and Bell, JJ., concur.*