43328.   REINER v. DAVID'S SUPER MARKET, INC.

BELL, Presiding Judge.   Plaintiff brought this suit to recover for personal injuries sustained when he slipped on a fragment of loose tile lying on the floor in defendant's place of business. The action was filed prior to the effective date of the Civil Practice Act (Ga. L. 1966, p. 609, as amended by Ga. L. 1967, p. 226; *Code Ann. Title* 81A).   However, the Civil Practice Act will be applied on appeal in reviewing the trial court's judgment rendered according to the former rules of procedure and sustaining defendant's general demurrers to the amended petition.   See *Hill v. Willis*, 224 Ga. 263, 264 (1) (161 SE2d 281); *Bazemore v. Burnet*, 117 Ga. App. 849.   Under the new procedure a complaint should be construed in the light most favorable to the plaintiff with all doubts resolved in his favor; he is entitled to the most favorable inferences that can reasonably be drawn from the complaint, even if contrary inferences are also possible.   *Harper v. DeFreitas*, 117 Ga. App. 236, 238 (160 SE2d 260).   So construing the petition, we infer that plaintiff, a business invitee, was unaware that the floor was in a dangerous condition at the time of the injury, although plaintiff had at some time complained

to defendant's manager about obstructions on the floor, and that plaintiff in the exercise of ordinary care for his own safety would not have discovered the loose fragment of title as its color blended visually with the floor. The general allegation of actual or constructive knowledge by defendant was sufficient. *Code Ann.* § 81A-109 (b); *Bazemore v. Burnet,* 117 Ga. App. 849, supra. As the petition states a claim when tested by the rules of construction applicable under the Civil Practice Act, the judgment of the trial court sustaining defendant's general demurrer will be reversed.

*Judgment reversed. Hall and Quillian, JJ., concur.*

SUBMITTED JANUARY 10, 1968—DECIDED JUNE 14, 1968.

*Joseph B. Bergen, Charles L. Sparkman,* for appellant.

*Richardson, Doremus & Karsman, Stanley Karsman,* for appellee.