43371, 43420.   DAVIS v. BOYD; and vice versa.

ARGUED JANUARY 12, 1968—DECIDED JULY 1, 1968—
REHEARING DENIED JULY 24, 1968—

*Sam G. Dettelbach,* for appellant.

*Rich, Bass, Kidd & Broome, Robert K. Broome, C. Richard Avery,* for appellee.

BELL, Presiding Judge. 1. The court did not err in overruling defendant's general demurrer to Count 2 of the petition. In this connection see *Harper v. DeFreitas,* 117 Ga. App. 236, 238 (160 SE2d 260); *Bazemore v. Burnet,* 117 Ga. App. 849 (161 SE2d 924); *Reiner v. David's Super Market,* 118 Ga. App. 10 (162 SE2d 298). The petition did not fail to state a claim for the reason that the brokerage agreement did not more fully describe the property and the interest therein to be sold. See *Orr v. Smith,* 102 Ga. App. 40, 43 (115 SE2d 601).

2. During the trial plaintiff's counsel expressly abandoned Count 1 of the petition. Thus the issue in connection with defendant's contention that the amount of judgment was not authorized by the evidence is narrowed to a consideration of whether the evidence supported the recovery under Count 2. This involves an interpretation of the following provision of the agreement: "I shall not fail or refuse to deliver when Ralph Boyd & Co. brokers, has a purchaser willing and able to buy, nor withdraw said business or property from the market during the life of this contract, nor rent the said business or property, nor otherwise alter its status in such a way as to impede, hinder or interfere with the sale thereof. . . In either of said events, I pay Ralph Boyd & Co., brokers, the amount of the commission specified above."

This provision is doubtful as to whether defendant would be obligated to pay the amount of the commission in the event of withdrawal of the business from the market or in the event of rental of the business where plaintiff did not produce a purchaser during the specified 90-day period. We think it is subject to the interpretation that in order to incur liability under its terms the acts of defendant must have impeded, hindered or interfered with sale of the business where plaintiff had produced a purchaser ready, willing and able to buy and who actually offered to buy on the stipulated terms.

A written contract of doubtful meaning must be construed against the party who prepares it. *Cole v. Pursley*, 86 Ga. App. 452 (2) (71 SE2d 575); *Wilcox, Gibbs & Co. v. Owens*, 64 Ga. 601, 603; *Benevolent Burial Assn., Inc. v. Harrison*, 181 Ga. 230, 239 (181 SE 829); *Howkins v. Atlanta Baggage & Cab Co.*, 107 Ga. App. 38, 42 (129 SE2d 158). Here the printed agreement was drawn up by plaintiff and will be construed against him.

There being no evidence that plaintiff ever produced a purchaser for the business on the stipulated terms, plaintiff was not entitled to recover a commission under the quoted provision.

However, the court was authorized to find that the grant of an option to LeCroy amounted to a breach of the agreement insofar as it gave plaintiff the exclusive right to sell, as the option clearly undermined that right. We do not decide whether the transaction with LeCroy amounted to a sale by defendant within the

term of the agency. As plaintiff expressly abandoned Count 1 of the petition, he could not recover a commission based on a sale by defendant. Nevertheless, a breach having occurred by the transaction generally described in Count 2, the court was authorized to give judgment for plaintiff in some amount (*Code* § 20-1409) although the recovery could not be predicated on one of the provisions of the agreement specifically providing for payment of the commission. Thus the court did not err in denying defendant's motion for nonsuit.

However, the damages authorized did not include any amount for loss of profits where there was no evidence showing to a reasonable certainty that plaintiff could and would have sold the business on the stipulated terms within the term of the agency. In this connection see Wellinger v. Crawford, 48 Ind. App. 173 (93 NE 1051); Brown v. Maris, (Ind. App.) 147 NE2d 915, 918; Crawford v. Cicotte, 186 Mich. 269 (152 NW 1065); Fairchild v. Rogers, 32 Minn. 269 (20 NW 191); Sinden v. Laabs, 30 Wis. 2d 618 (141 NW2d 865). Speculative damages—the loss of conjectural profits—are too remote and uncertain to be recoverable. E.g., *Red v. City Council of Augusta,* 25 Ga. 386, 390. The only damages actually proved were plaintiff's expenses in the amount of $96.90, incurred in trying to sell the business.

The judgment in the amount of $2,950 was excessive and was not authorized by the evidence.

3. On cross appeal plaintiff complains that the court erred in computing the amount of the commission on the basis of a sale price of $29,500 rather than $40,000. The alleged error was harmless to plaintiff.

*Judgment reversed on the main appeal; affirmed on the cross appeal. Hall and Quillian, JJ., concur.*