47240. VICKERY v. GENERAL FINANCE CORPORA-TION et al.

EVANS, Judge. Robert E. Vickery sued Jim McQueen, individually and d/b/a GM Used Cars; General Finance Corporation of Georgia; and J. H. Crumley and F. R. Arzet, individually and as agents of General Finance Corporation of Georgia. Plaintiff alleged fraud, conspiracy and conversion by and between all of said defendants, arising out of plaintiff's purchase and financing of a motor vehicle. It was alleged that as negotiations for purchase and financing of said automobile were underway, plaintiff was directed by defendant McQueen to the place of business of General Finance Corporation of Georgia, where defendant Arzet sent his agent, defendant Crumley, outside to inspect the automobile and obtain all serial and "VIN numbers" thereon; that Crumley returned and advised Arzet that he could not find such numbers; whereupon both defendants went outside, leaving plaintiff inside the building, and returned and announced that the loan for financing would be approved.

In order to purchase the car, plaintiff was required to trade in an automobile, pay $200 of his own money, and $300 from the finance company; and was required to execute a

bill of sale to the automobile in favor of the finance company, as well as a lien on another car he owned, to wit, a pickup truck.

Plaintiff alleged that he made certain payments, and then discovered that he could not procure a license tag or a safety sticker for said car, due to its not having the "serial and VIN numbers" (said numbers had been chiseled off the motor), and he so advised the finance company and refused to make further payments. Further, not being legally able to operate it, he parked the car at a garage, and that, while he was ill and without any notice of any kind to him and without his permission, the finance company forcibly seized and took possession of the automobile, and of his pickup truck, and twenty-four items of personal property, which were stored in a camper attached to the pickup truck, including a portable television set, two shotguns, transistor radio, rifle, pistol, auto mechanic's tools, and other valuable items; and that said defendants wrongfully converted the automobile, pickup truck and camper and all of the items of personal property, and illegally deprived him of possession of same. No lien had been given on the camper or on any of the items of personal property stated therein.

Motions to dismiss were sustained as to Crumley, Arzet and General Finance Corporation of Georgia, but denied as to McQueen. The plaintiff appeals. *Held:*

1. A motion to dismiss the appeal filed by defendant Crumley fails to state any reason therefor, and we know of none. The motion is therefore overruled.

2. Generally, under *Code Ann.* § 81A-109 (CPA § 9; Ga. L. 1966, pp. 609, 620) the new Civil Practice Act requires the circumstances constituting fraud to be stated with particularity, although malice, intent and knowledge and other condition of mind of a person may be averred generally. See in this connection *Martin v. Approved Bancredit Corp.*, 224 Ga. 550, 553 (163 SE2d 885). However, this case involves fraud, conspiracy to defraud, and conversion of the personal property of the plaintiff, and the

complaint is not subject to be dismissed upon motion unless the averments therein disclose with certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved in support of the claim. *Harper v. DeFreitas,* 117 Ga. App. 236, 238 (160 SE2d 260); *Ghitter v. Edge,* 118 Ga. App. 750 (1) (165 SE2d 598); *Reiner v. David's Super Market,* 118 Ga. App. 10 (162 SE2d 298); *DeKalb County v. Ga. Paperstock Co.,* 226 Ga. 369 (1) (174 SE2d 884). The circumstances surrounding the alleged fraud were stated with particularity. Thus, construing the pleadings in a light most favorable to the pleader with all doubts resolved in the pleader's favor, even though unfavorable constructions are possible, it cannot be said that a claim has not been stated here.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*
ARGUED MAY 22, 1972—DECIDED JUNE 7, 1972.

*McMichen & Anderson, V. Eugene McMichen,* for appellant.
*John E. Rogers,* for appellees.