76727. STACEY REALTY, INC. v. CALVARY BAPTIST CHURCH, INC.
(374 SE2d 537)

DEEN, Presiding Judge.

On April 30, 1985, Rev. Wilhite, the pastor of Calvary Baptist Church, signed an exclusive listing agreement with Kennon Realty

Services, Inc., as broker and C. Robert Stacey as agent, to sell certain church real property. This listing expired by its terms on September 1, 1985. After this contract expired, Stacey continued to assist the appellee with the sale of the church property. After Stacey left Kennon Realty and established his own company, the parties entered into another agreement by which Stacey would have an exclusive listing to sell the property. The original agreement, however, was misplaced so Stacey offered to prepare another and leave it in his office so Rev. Wilhite could come by and sign it. He signed the new contract without reading it. He claims that Stacey understood that he could only enter into a three-month agreement on behalf of his church. On June 13, 1986, one Larry Bussy presented the church with an offer to purchase the property. When Stacey called to congratulate Rev. Wilhite on the offer, he indicated that he expected 10 percent of the $195,000 sales price as commission under the listing agreement. Rev. Wilhite informed him that the contract had expired in March and that the church owed him nothing. In Rev. Wilhite's affidavit he contends that at a subsequent meeting between the parties, Stacey explained that the date on the agreement must have been mistakenly entered by the parties. Rev. Wilhite also states that he never received a copy of the contract until the meeting. An examination of the listing agreement reveals that it does not contain any description of the property it was to cover and in its place for a description it merely says "See Exhibit A." No Exhibit A was attached to the contract. Appellant contends, however, that a lengthy appraisal served as Exhibit A. The contract makes no reference to the appraisal, and there is no key contained in it which would link the contract to the appraisal.

Stacey Realty filed suit against the church and later filed a motion for summary judgment. The appellee filed a cross-motion and mainly asserted that the lack of a property description rendered the contract null and void. This appeal follows from the ruling of the court below which granted appellee's motion and denied appellant's.

1. Appellant contends that Rev. Wilhite's failure to read the contract precluded him from raising the defenses of fraud and mutual mistake.

Where one signs a contract without reading it, he is bound by its terms unless he can show that an emergency existed at the time that he signed it that would excuse his failure to read it, or the other party misled him by artifice or device to prevent him from reading it, or a fiduciary or confidential relationship existed upon which he relied in not reading the contract. *Van Den Berg v. Northside Realty Assoc.*, 172 Ga. App. 591 (323 SE2d 839) (1984). Rev. Wilhite has not shown the existence of an emergency that would excuse his failure to read the contract. He cannot set up a defense of fraud where he had the capacity and opportunity to read the contract. *Craft v. Drake*, 244

Ga. 406 (260 SE2d 475) (1979). The defense of mutual mistake is not available to one who does not read a contract before signing it. See *Gulden v. Newberry Wrecker Svc.*, 154 Ga. App. 130 (267 SE2d 763) (1980). He is likewise not entitled to equitable relief where, by exercising slight diligence, he could have prevented the fraud which he alleges to have been perpetrated upon him. *Charles v. Simmons*, 215 Ga. 794 (113 SE2d 604) (1960).

Appellee's argument that a fiduciary relationship existed between the parties and that appellant violated that relationship by inducing appellee to sign the contract is without merit. "A confidential relationship does not exist prior to the contract or legal relationship creating it, unless it exists for other reasons." *Cole v. Cates*, 113 Ga. App. 540, 544 (149 SE2d 165) (1966). The only evidence of a prior fiduciary relationship between the parties was a listing of the property with Kennon Realtors which expired on September 1, 1985.

2. This case is not governed by the statute of frauds as asserted by appellee. An exclusive listing agreement is not within the statute of frauds. *Orr v. Smith*, 102 Ga. App. 40 (115 SE2d 601) (1960). It is a contract for services and not for the sale of lands. *Cantrell v. Johnston*, 74 Ga. App. 74, 78 (38 SE2d 893) (1946); *Lingo v. Blair*, 32 Ga. App. 111 (122 SE 802) (1924). The rules of the Georgia Real Estate Commission do not determine whether a listing agreement (which it requires to be in writing) is within the statute of frauds. See generally *National Advertising Co. v. Dept. of Transp.*, 149 Ga. App. 334, 339 (254 SE2d 571) (1979); *Mousetrap of Atlanta v. Blackmon*, 129 Ga. App. 805, 807 (201 SE2d 330) (1973); *Fulton County v. Holland*, 71 Ga. App. 455, 461 (31 SE2d 202) (1944). "[A] regulatory agency has no constitutional right to legislate [Cit.] and the collateral construction given statutes by administrative officials will be disregarded where their invalidity is apparent. [Cits.]" *Brown v. Quality Fin. Co.*, 112 Ga. App. 369, 370 (145 SE2d 99) (1965).

Accordingly, we find that the trial court erred in granting summary judgment in favor of appellee.

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 19, 1988 —
REHEARING DENIED OCTOBER 18, 1988

*William G. Scrantom III*, for appellant.
*William C. Pound, William B. Hardegree*, for appellees.