A00A2539. WEATHERBY et al. v. BARSK et al.
(545 SE2d 701)

SMITH, Presiding Judge.

Steve Weatherby and Utopian Concepts, Inc., a corporation wholly owned by Weatherby (hereinafter collectively Weatherby), brought suit against Robert Barsk, a real estate developer, and two corporations in which Barsk is an officer, Stonewall Farms, Ltd. and Heritage Creek, Inc. (hereinafter collectively Barsk). Weatherby alleged that Barsk had breached an oral agreement under which Weatherby was to furnish certain services and Barsk was required to pay him ten percent of the value of the development property. Alternatively, Weatherby sought recovery under the theory of quantum meruit for services performed. Weatherby also sought attorney fees and expenses under OCGA § 13-6-11 for Barsk's alleged bad faith.

Barsk answered, asserting several defenses. He denied the existence of any agreement; he asserted that even if such a contract existed, Weatherby was barred from recovering under the Statute of Frauds because it was not in writing; he alleged that Weatherby could not recover under a theory of quantum meruit because even if services were performed by Weatherby, they were of no benefit to Barsk; and he maintained that any services performed by Weatherby were performed either in Weatherby's employment capacity as director of economic development for Greystone Power Corporation or in his volunteer capacity as vice chairman of the Douglas County Development Authority.

Barsk moved for summary judgment, which was granted on the grounds that recovery under the contract was barred by the Statute of Frauds; that Weatherby had failed to present evidence creating a material issue of fact regarding whether Barsk "requested, accepted, or authorized any alleged services" or whether any such services were performed on behalf of Greystone Power or the Douglas County Development Authority; and that Weatherby had failed to present any evidence of the value of the services he allegedly rendered. This appeal by Weatherby ensued. We conclude that the trial court erred in finding that the alleged contract was within the purview of the Statute of Frauds. We also find that Weatherby presented sufficient evidence to create a genuine issue of material fact with regard to whether Barsk requested, accepted, and authorized the services, whether the services were performed, and the capacity in which Weatherby performed them. We therefore reverse the trial court's grant of summary judgment to Barsk.

The record shows that Barsk is a native of Sweden who moved to this country to pursue real estate investment. He owned certain parcels of land in Douglas County that he desired to develop. Weatherby was employed by Greystone Power, which sold electricity in Douglas County. He also served in a volunteer capacity as vice chairman of the Douglas County Development Authority. In addition, he was acquiring properties in east Douglas County as a personal venture, with a view toward eventually developing those properties.

The parties agree that they were introduced in 1992. They also agree that they had discussions concerning the acquisition and development of properties Barsk owned in Douglas County. But any agreement ends there.

Barsk presented an affidavit in which he stated that his dealings with Weatherby were solely in Weatherby's capacities as a representative of Greystone Power or the Douglas County Development Authority. Weatherby, on the other hand, presented an affidavit in which he stated that he dealt with Barsk in his personal capacity and that these dealings were "outside the scope of [his] employment with

Greystone Power" or his work for the development authority.

Barsk denied entering into any contract with Weatherby or authorizing Weatherby to perform any services, although he admitted having received "unsolicited suggestions" for the development and construction of a certain tract, which suggestions he believed were given in Weatherby's capacity as a representative of Greystone Power. Weatherby, on the other hand, insists that Barsk "requested the services in issue; agreed to pay for such services"; and knew that he was performing them in his individual capacity because he "expressly discussed with Mr. Barsk the fact that I was performing these services in my personal capacity and to accomplish my personal business objectives." He claims he devoted all his free time to the project and completed his contractual obligations, which included formulating and implementing development strategies for the property, conveying to Barsk the contracts necessary for assembling the tract in issue, negotiating a reduction in price on one parcel, negotiating the furnishing of site utilities and various site improvements, planning and negotiating the construction of a public road through the property, working on and procuring approval of zoning changes, and working on other facets of the property development, including its tax status.

1. The Statute of Frauds provides that "[a]ny contract for sale of lands, or any interest in, or concerning lands" is required to "be in writing and signed by the party to be charged therewith or some person lawfully authorized by him" in order to bind the promisor. OCGA § 13-5-30 (4). The services Weatherby claims to have performed under the contract with Barsk were not for the "sale of lands," nor was he claiming "any interest in" lands.[1] But the statutory language "concerning lands" raises the question of whether the alleged contract is within the purview of the statute. Weatherby contends it is not.

The parties have not cited to this court any case on all fours with this one, and we have found none. But we have reviewed cases involving oral contracts for services concerning land that have been held to be within the purview of the Statute of Frauds. This review persuades us that those cases involve the *sale* of land or conveyance of an interest in land. This case involves neither.

Barsk cites *Shivers v. Barton & Ludwig, Inc.*, 164 Ga. App. 490 (296 SE2d 749) (1982) in support of his position that OCGA § 13-5-30 (4) is not ambiguous and has been interpreted by our courts as covering any contract concerning land. But *Shivers* clearly involved the

---

[1] Weatherby merely alleges that he was to be paid a percentage of the *value* of the lands involved.

question of whether a signatory to a limited partnership agreement was in fact the agent of a third-party nonsignatory to the agreement. The limited partnership was formed in part to buy and sell real property and to acquire interests in certain tracts of land. This court applied the predecessor statute to OCGA § 10-6-2 to hold that since the agreement to sell or buy real property must be in writing, an agency to execute an agreement for the sale of property must also be in writing. Id. at 492.

Barsk also cites *Cherokee Falls Investments v. Smith*, 213 Ga. App. 603 (445 SE2d 572) (1994), on which the trial court relied, in support of his position that recovery under the alleged oral contract here is barred by the Statute of Frauds. *Cherokee Falls* involved a written addendum to a contract for the sale of land. The addendum was relied upon by the plaintiff to establish the existence of a joint venture. Although the parties' dealings in *Cherokee Falls* involved services, the parties also had dealings with each other involving various sales of land and interests in land. One section of the addendum provided that the defendant was to be paid five percent of lot sales by the venture. Id. at 604. The defendant contended that this mention of the joint venture was merely an agreement to agree upon the terms of a joint venture. Id. at 603. This court agreed, finding the addendum too indefinite to be enforceable. Id. at 605 (1). Finding that the addendum was part of a contract for the sale of land and that the addendum provision lacked certainty, this court held that it was unenforceable because "a court of equity will not decree the specific performance of a contract *involving an interest in land* unless there is a definite and specific statement of the terms of the contract." (Citations and punctuation omitted; emphasis supplied.) Id.

The services Weatherby claims to have performed for Barsk under the alleged oral contract do not involve selling or buying the land in issue and do not involve his obtaining an interest in the land. Although the phrase "concerning land" appears on its face to be extremely broad, it has been interpreted more narrowly. It is well established that certain services "concerning land" are not subject to the Statute of Frauds. Real estate brokerage contracts and other contracts for commissions based on *arranging* the sale of lands, for instance, have long been held not to be within the Statute of Frauds. See, e.g., *Stacey Realty v. Calvary Baptist Church*, 188 Ga. App. 822, 824 (2) (374 SE2d 537) (1988); *Pierce v. Deich*, 81 Ga. App. 717 (59 SE2d 755) (1950); *Cantrell v. Johnston*, 74 Ga. App. 74, 78 (2) (38 SE2d 893) (1946). We find the services allegedly contracted for and performed by Weatherby to be more analogous to those in *Stacey Realty*, *Pierce*, and *Cantrell* than to those in *Cherokee Falls*. For that reason, and because they did not involve the sale of land or the conveyance of an interest in land, we conclude that the alleged oral con-

tract was not subject to the Statute of Frauds and that the trial court erred in granting summary judgment to Barsk on that ground.

2. Because we have concluded that the alleged oral contract was not required to be in writing, we need not consider whether part performance took it out of the Statute of Frauds. Since the alleged oral contract need not have been in writing, we must also reverse the trial court's ruling that Weatherby was not entitled to recover damages for bad faith because he failed to show that an enforceable contract existed.

3. Even had this contract been covered by the Statute of Frauds, that statute is not a bar to relief in quantum meruit. *Llop v. McDaniel, Chorey & Taylor*, 171 Ga. App. 400, 403 (4) (320 SE2d 244) (1984). And we cannot agree with the trial court that Weatherby did not present sufficient evidence to raise questions of fact regarding whether Barsk requested, authorized, or accepted the services he alleges he performed, whether those services had any value to Barsk, or whether those services were performed in his individual capacity rather than as an agent of Greystone Power or the Douglas County Development Authority. Weatherby's affidavit establishes all those facts.

Barsk relies upon *Thornton v. Carpenter*, 222 Ga. App. 809 (476 SE2d 92) (1996) to support his assertion that his denial that Weatherby performed the services or that he authorized or accepted them was sufficient to pierce Weatherby's pleadings in this regard. That reliance is misplaced. *Thornton* involved the simple denial of an agency relationship. It has long been established that the denial of an agency relationship, made by a purported party thereto, is a statement of fact sufficient to support a motion for summary judgment *when it is uncontradicted*. Id. at 812 (2) (a). In this case, the statement was not a denial of agency, nor was it uncontradicted.

While it is true that Weatherby's statements in his affidavit may be self-serving as well as conclusory, the same may be said of Barsk's statements to the contrary in his own affidavit. If Weatherby's statements may not be considered as establishing those facts, neither may Barsk's statements be considered as piercing the allegations of Weatherby's complaint. Weatherby presented ample evidence to create genuine issues of material fact regarding his right to recover under quantum meruit, and the trial court erred in granting summary judgment to Barsk on this ground.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 28, 2001 —
RECONSIDERATION DENIED MARCH 30, 2001 — ■■■■■■