70864. TRAVELERS INSURANCE COMPANY v. BLAKEY.

(338 SE2d 451)

BENHAM, Judge.

Appellant, The Travelers Insurance Company, insured appellee's decedent, Robert Blakey, under a group policy. The insured, afflicted with cancer, sought and obtained treatment for his illness from a number of medical facilities, including the Immunology Researching Center ("IRC") in the Bahamas. Blakey incurred and paid $4,250 in treatment expenses during his first visit to the center and submitted the bill to appellant for reimbursement. Appellant denied Blakey's claim, saying the expenses did not meet the policy definition of "covered medical expenses." Blakey filed suit against appellant; upon his death, Blakey's wife, appellee/executrix of his estate, was substituted as the named plaintiff.

A jury awarded appellee the full amount of her claim, and the trial court entered judgment accordingly. Appellant here contests the denial of its motions for directed verdict, for judgment n.o.v., and for new trial. We affirm.

1. Appellant's first, second, and fourth enumerations assert that the trial court erred in failing to rule as a matter of law that the treatment given to decedent at the IRC did not constitute "covered medical expenses," because there was no evidence that "physician's or surgeon's services" were rendered. Under the group insurance policy issued by appellant, "covered medical expenses" include "physician's

or surgeon's services for a surgical procedure and other medical care and treatment. . . ."

Appellant argues that the language of the policy is unambiguous and as such was to be construed by the trial court. OCGA § 13-2-1. Looking at the entire provision, we agree with appellee that the policy language is ambiguous, there being more than one way it could have been construed, and that, accordingly, it was within the province of the jury to construe it. OCGA § 13-2-1; *Trippe v. Crescent Farms*, 58 Ga. App. 1, 4 (197 SE 330) (1938). "In construing an insurance policy, '(t)he test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney.' [Cit.]" *Greer v. IDS Life Ins. Co.*, 149 Ga. App. 61, 63 (253 SE2d 408) (1979). Appellant/insurer would have us read the policy as meaning that only a physician or surgeon can provide "other medical care and treatment." Appellee, on behalf of decedent/insured, contends that the "other medical care and treatment" can be provided by someone other than a physician or surgeon. There being at least two possible constructions of the policy provision, the courts must favor that which favors the insured. Id. We note here that, contrary to appellant's assertion, the trial court properly instructed the jury in that regard.

At trial there was testimony that the IRC was staffed by licensed physicians, one of whom specialized in immunotherapy; that the IRC offered treatment of malignant diseases by the use of immunoglobulins, or fractions of human serum; that decedent was regularly examined by an IRC physician; that an IRC physician issued a prescription other than the serum for decedent; that lab technicians performed blood tests on blood extracted by an IRC physician; that an IRC physician made recommendations regarding the alteration of dosages of serum given to decedent; and that the IRC physicians engaged in "patient treatment." Applying the rules of construction set out above, and viewing the evidence in the light most favorable to the appellee, there is support for the verdict and judgment.

2. Appellant also complains that the trial court erred in allowing the admission of evidence showing that decedent's condition and appearance improved as a result of the IRC treatments. Appellant claims that the evidence was irrelevant and prejudicial and, in part, without sufficient foundation. We disagree.

"To be admissible evidence must relate to questions being tried by the jury . . . [E]vidence is relevant [when it] 'logically tends to prove or disprove a material fact which is at issue.' [Cit.] . . . Questions of relevancy of evidence . . . are for the court, and in the absence of an abuse of judicial discretion, this court will not interfere.

[Cit.]" *MacNerland v. Johnson*, 137 Ga. App. 541, 542 (224 SE2d 431) (1976). The evidence admitted at trial concerning decedent's improved health was germane to the jury issue whether or not decedent received "medical care and treatment." Since those words "generally refer to something done in the application of the curative arts, whether by drugs or other therapy, with the end in view of alleviating a pathological condition" (*Mutual Life Ins. Co. v. Bishop*, 132 Ga. App. 816, 818 (209 SE2d 223) (1974)), the fact that decedent showed signs of physical improvement after receiving the immunotherapy tended to prove that the therapy constituted "medical care and treatment." We find no abuse of discretion in the admission of the evidence.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 5, 1985 —
REHEARING DENIED NOVEMBER 20, 1985 — ▮▮▮▮▮▮▮

*Daniel A. Angelo, Newton M. Galloway*, for appellant.
*A. Wilbur Orr*, for appellee.