42999. THE TRAVELERS INSURANCE COMPANY v. BLAKEY.
(342 SE2d 308)

PER CURIAM.

This case involves a contract of medical insurance. The facts are set out in the opinion of the Court of Appeals, *Travelers Ins. Co. v. Blakey*, 177 Ga. App. 1 (1) (338 SE2d 451) (1985), and will be repeated or supplemented herein only as necessary. The dispute between the parties concerns the interpretation of a group policy's definition of the term "covered medical expenses." The policy defined that term as including "physician's or surgeon's services for a surgical procedure *and other medical care and treatment. . . .*" (Emphasis supplied.)

The trial court submitted the construction of the emphasized language to the jury, and the Court of Appeals affirmed that ruling, holding as follows: "Appellant argues that the language of the policy is unambiguous and as such was to be construed by the trial court. OCGA § 13-2-1. Looking at the entire provision, we agree with appellee that the policy language is ambiguous, there being more than one way it could have been construed, and that, accordingly, *it was within the province of the jury to construe it.* [Cits.]" *Travelers Ins. Co. v. Blakey*, supra, 177 Ga. App. at 2. (Emphasis supplied.) We granted certiorari to determine "[w]hether or not the construction of a written contract is the responsibility of the court, or within the province of a jury."

The foregoing language of the Court of Appeals is premised on a two-step procedure: first, the trial court determines whether a contract is ambiguous, and second, if the court finds that it is ambiguous,

then the question of its construction is submitted to the jury. However, as has been recognized and well-stated in numerous earlier decisions of the Court of Appeals, the process of contract construction actually is composed of three steps. See, e.g., *Ga. Farm Bureau Mut. Ins. Co. v. Burnett*, 167 Ga. App. 480 (2) (306 SE2d 734) (1983); *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333 (3) (291 SE2d 410) (1982); *Transamerica Ins. Co. v. Thrift-Mart, Inc.*, 159 Ga. App. 874 (3) (285 SE2d 566) (1981).

Thus, in *Transamerica Ins. Co. v. Thrift-Mart, Inc.*, id. at 880-881, the Court of Appeals opined that " ' "[t]he construction of a contract is a question of law for the court. Where any matter of fact is involved (as the proper reading of an obscurely written word), the jury should find the fact." [Cit.] *Contracts, even when ambiguous, are to be construed by the court and no jury question is presented unless after application of applicable rules of construction an ambiguity remains.* [Cits.] Insurance policies being contracts, the decisions have held that the matter of construction is for the court. [Cits.]' *American Cas. Co. v. Crain-Daly Volkswagen*, 129 Ga. App. 576, 579 (200 SE2d 281) (1973). 'The rules of law set forth in the Code with respect to the construction of contracts are framed for the guidance and direction of the courts. Except in cases where the meaning of obscurely written words is involved, and where there is evidence tending to show that the meaning of such words was diffferently understood in one way or another by the parties to the contract, it is . . . improper for the court to give the jury any instruction with regard to the manner in which the contract should be construed. [Cits.]' *California Ins. Co. v. Blumburg*, 101 Ga. App. 587, 591 (115 SE2d 266) (1960)." (Emphasis supplied.)

Inasmuch as the Court of Appeals' decision in the case sub judice does not expressly acknowledge the principle that even ambiguous contracts are to be construed by the court unless an ambiguity remains after application of applicable rules of construction, we therefore vacate the judgment of the Court of Appeals and remand this case for reconsideration in light of this opinion.

*Judgment vacated and remanded. All the Justices concur, except, Hunt, J., not participating.*

DECIDED APRIL 24, 1986.

*Greene, Buckley, DeRieux & Jones, Daniel A. Angelo, Newton M. Galloway,* for appellant.

*Orr & Kopecky, Wilbur A. Orr,* for appellee.