70864. TRAVELERS INSURANCE COMPANY v. BLAKEY.
(349 SE2d 474)

BENHAM, Judge.

We reconsider this case in light of the Supreme Court's opinion in *Travelers Ins. Co. v. Blakey,* 255 Ga. 699 (342 SE2d 308) (1986), to determine whether the trial court erred in submitting the question of contract construction to the jury. The facts of the case can be found in this court's original opinion, *Travelers Ins. Co. v. Blakey,* 177 Ga. App. 1 (338 SE2d 451) (1985). Simply stated, appellant asserted that immunotherapy treatments which appellee's husband received at the Bahamian IRC Clinic did not constitute covered medical expenses because the services rendered were not "physician's or surgeon's services for a surgical procedure and other medical care and treatment" as required by the insurance policy under which appellee's husband was covered, and that the phrase quoted above was not ambiguous within the context of the insurance policy.

There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity. *Travelers Ins. Co.,* supra, 255 Ga. at 700.

After reviewing the record, we agree that the trial court first properly decided that the contract language was ambiguous. *Travelers Ins. Co.,* supra, 177 Ga. App. at 2. Applying the applicable rules of construction, including OCGA § 13-2-2 (2), (4), and (5), we conclude that the contract terms in question were still ambiguous. Therefore, the trial court properly turned the question of contract construc-

tion over to the jury. Even if the contract terms had been read in appellant's favor as a matter of law, there was evidence to show that a "physician's or surgeon's services for . . . medical care and treatment" had been rendered, and the jury was authorized to find that fact, as they did. See *Travelers Ins. Co.*, supra, 177 Ga. App. at 2.

We find no error was committed by the trial court and affirm the judgment. Inasmuch as the Supreme Court did not address the issue raised in Division 2 of our earlier opinion, we re-adopt that holding in its entirety.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 15, 1986 —
REHEARING DENIED OCTOBER 14, 1986 

*Daniel A. Angelo, Newton M. Galloway*, for appellant.
*A. Wilbur Orr*, for appellee.