76084. INTERNATIONAL BUSINESS INVESTMENTS, INC.
v. ARCHER MOTOR COMPANY, INC.
(369 SE2d 268)

POPE, Judge.

Plaintiff International Business Investments, Inc. instituted this action against defendant Archer Motor Company, Inc. seeking to re-

cover a real estate commission allegedly due under the terms of a Broker Agreement which granted plaintiff the exclusive right to sell, exchange, or lease defendant's used car business located in Morrow, Georgia. Although the agreement commenced on May 27, 1986 and was to be in effect to and including May 27, 1987, in December 1986, defendant, acting through another agent, relocated the business and sold the real property on which the business was located for the sum of $235,000. The present controversy arose when defendant refused to pay plaintiff a commission following this sale.

On July 30, 1987 defendant filed its motion for summary judgment in support of which it submitted the affidavit of its then president, Betty Archer, widow of the former president of defendant who had executed the Broker Agreement. This affidavit, in pertinent part, provided that Ms. Archer was "familiar with the negotiations between my late husband . . . and [plaintiff; that] it was never the intention of the corporation to include in any listing contract any real property [; and] it was always understood that the business as a going business and its assets were all that was included." In opposition to defendant's motion, plaintiff filed the affidavit of its employee and vice-president, Franklin J. Glunn, who averred that "it was *never* understood by me or my company that the listing did not include the real property. As the Agreement indicates, there was a listing for the entire business including the real property and the personalty." By order dated October 8, 1987 the trial court granted summary judgment to defendant, based on its finding that the agreement unambiguously excluded the listing of the real property on which the business was located. Plaintiff appeals, enumerating as error this finding by the trial court.

Defendant argues that the trial court correctly found no ambiguity as to the listing of the real property because a value was not assigned to the phrase "real property" in the section which stated, "Only the assets for which values are indicated below are included for sale under this agreement." Plaintiff, however, in arguing that the agreement did provide for the listing of real estate, points to another section of the agreement which stated "Total Price Real Property: $190,000.00" and included certain seller financing terms. Immediately preceding this section, and immediately following the "asset" section, the agreement provided a space for "Total Price Listed Assets (Business Only — No R. E.) $600,000." The agreement also provided a leasing commission "[i]f real property owned by Seller is leased to Buyer" of 5 percent of the gross rental for the duration of the lease, or any renewals thereof. Lastly, the contract gave the "Broker the sole, exclusive and irrevocable right to sell, exchange, lease or otherwise dispose of the above described business, assets, rights and property or any portion thereof. . . ."

Review of these provisions shows that the underlying real property is clearly listed in certain sections of the agreement and clearly excluded in others; hence, we must conclude that the trial court erred as a matter of law in finding that the broker agreement unambiguously excluded the listing of the real property on which the business was located. "There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity. *Travelers Ins. Co. [v. Blakey*, 255 Ga. 699 (342 SE2d 308) (1986)]." *Travelers Ins. Co. v. Blakey*, 180 Ga. App. 520 (349 SE2d 474) (1986). The particular statutory rules applicable to the contract in the instant case are found in subsections (1), (4) and (5). These subsections deal with the admissibility of parol evidence; the preference for a construction which will uphold a contract in whole and in every part; and the principle that where the construction is doubtful, that which goes most strongly against the party executing the instrument or undertaking the obligation is preferred.

The parol evidence submitted in the present case, consisting of contradictory affidavits, sheds little light on the ambiguity in the contract now before us. As to the second consideration, at a minimum, it must be acknowledged that language concerning the sale or lease of the real property, and a price listed for the value thereof, was included in the agreement. However, the fact that the real property was excluded from the list of assets which, by its terms, was to include all assets offered for sale under the agreement cannot be ignored. Likewise, construing the contract against the plaintiff does not resolve the ambiguity present here. Hence, although the record in the case before us does not affirmatively show whether the trial court went through the process prescribed in *Travelers*, supra, our own review of the agreement, and our own application of the pertinent rules of construction, persuade us that an ambiguity does exist as to whether, or not, the real property was to be included along with the other components of defendant's used car business under the terms of the listing agreement. Accordingly, the grant of summary judgment to defendant must be reversed and this issue submitted to the jury for resolution. Accord *Travelers Ins. Co.*, 180 Ga. App. 520; *Steinemann v. Vaughn & Co.*, 169 Ga. App. 573 (1) (313 SE2d 701) (1984).

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

ON MOTION FOR REHEARING.

On rehearing defendant argues, without citation of authority,

that the agreement in the present case is unenforceable as it concerns the sale of real property because said property was not described with the same specificity as is required in a contract for the sale of land or a deed conveying real estate. However, it has long been the rule in this state that " '(t)he description of property placed in the hands of a broker for sale (does not need) to be as definite and complete as that which should be made in deeds of conveyance.' *Crawford v. English*, 26 Ga. App. 563, 568 (106 SE 621) (1921)." *Campbell v. Mut. Svc. Corp.*, 152 Ga. App. 493, 497 (263 SE2d 202) (1979); *Orr v. Smith*, 102 Ga. App. 40, 43 (115 SE2d 601) (1960). Consequently, we hold that this argument provides no basis for affirmance of the trial court's grant of summary judgment to defendant.

DECIDED APRIL 6, 1988 —
REHEARING DENIED MAY 11, 1988.

*Albert J. DeCusati, M. David Merritt*, for appellant.
*Howard P. Wallace*, for appellee.