76081. STOVER & SONS, INC. v. HARRY NORMAN, INC.
(370 SE2d 776)

McMURRAY, Presiding Judge.

This is an action to recover a real estate sales commission. Plaintiff Harry Norman, Inc. was the listing broker on an unimproved tract of real property. On March 13, 1986, defendant Stover & Sons, Inc. and the sellers of the real property executed a contract for the purchase and sale of the real property. Plaintiff, as listing broker, and Northside Realty, as selling broker, were also parties to the contract. This contract required that closing be on or before 90 days after contract acceptance. On June 12, 1986, the sellers of the real property and defendant executed an amendment to the purchase and sale contract giving defendant an extension on the closing date until July 15, 1986, and the option of extending closing an additional 30 days when financing was obtained. Defendant never purchased the real property and plaintiff procured a new contract on the subject property from a different purchaser. Plaintiff filed this action seeking to recover a commission of $70,182.

Plaintiff moved for summary judgment. Defendant moved for partial summary judgment on the issue of damages. Both plaintiff's

motion and defendant's motion were granted in part and denied in part, the superior court awarding a judgment to plaintiff in the amount of $33,621. Defendant appeals. *Held*:

1. Defendant contends the superior court erred in refusing to reduce plaintiff's recovery by the amount of plaintiff's commission from the subsequent sale of the real property to a different purchaser. Defendant argues that allowing plaintiff to recover its commission from defendant in addition to the commission from the subsequent sale permits a double recovery for plaintiff.

The purchase and sale contract provided that: "In negotiating this contract, Broker has rendered a valuable service for which reason Broker is made a party hereto to enable Broker to enforce its commission rights hereunder against the parties hereto on the following basis: . . . Purchaser agrees if Purchaser fails or refuses to perform any of Purchaser's covenants herein, Purchaser shall forthwith pay Broker the full commission."

Thus, plaintiff's recovery is for the services it performed in connection with negotiating the contract. These services and the resulting contract are separate and apart from whatever services were rendered by plaintiff in connection with the subsequent sale of the real property. The subsequent sale of the real property to a different buyer was a separate transaction. Under these facts and circumstances there is no double recovery. See *Clark v. Cox*, 179 Ga. App. 437, 438 (2) (347 SE2d 4). This enumeration is without merit.

2. Defendant also contends that the superior court erred in partially granting plaintiff's motion for summary judgment in that the amendment to the contract creates an ambiguity in the contract concerning whether the obligation of defendant to purchase the real property was contingent upon obtaining financing. The language from the amendment at issue states: "In consideration of the [defendant] paying to the undersigned Sellers $5,000 non-refundable Earnest Money, the undersigned agree to extend closing date of the referenced contract to July 15, 1986, allowing [defendant] time needed to obtain financing.

"When financing is obtained, [defendant] shall have the option of extending closing date an additional 30 days by paying to Seller an additional $10,000 non-refundable Earnest Money."

"There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity. *Travelers Ins. Co. [v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308)]." *Travelers Ins. Co. v. Blakey*, 180 Ga. App. 520 (349 SE2d 474). "The existence or non-existence of ambiguity is always a

question of law for the court. *Salvatori Corp. v. Rubin*, 159 Ga. App. 369 (283 SE2d 326) (1981)." *Stern's Gallery of Gifts v. Corporate Property Investors*, 176 Ga. App. 586, 593 (4) (337 SE2d 29).

We find no error in the superior court's ruling that "the wording of the June 12 amendment is clear and unambiguous and did not provide a financing contingency clause." This enumeration is without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 1, 1988 —
REHEARING DENIED JUNE 14, 1988 —

*G. Phillip Beggs, John H. Moore*, for appellant.
*John A. Howard*, for appellee.