A89A2004. ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. BRUCE et al.
(388 SE2d 923)

SOGNIER, Judge.

Zurich American Insurance Company of Illinois brought a declaratory judgment action against its insured, the North American Riding for Handicapped Association, Inc. ("NARHA"), as well as Shalmar Foundation, Inc., and Catherine Bruce, seeking a determination whether it was obligated to provide coverage to NARHA and its local chapter, Shalmar, in a suit Bruce brought against them seeking damages for injuries she incurred when she fell off a horse at the stable operated by Shalmar. Zurich American appeals from the trial court's denial of its motions for judgment notwithstanding the verdict and for a new trial.

1. Appellant contends the trial court erred by denying its motion for a new trial because the verdict returned by the jury and accepted by the trial court was ambiguous. The verdict provided that "Shalamar [sic] is covered by Zurich American Insurance Company. Catherine Bruce is not covered by Zurich American Insurance Company."

" 'A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside. (Cit.)' [Cit.]" *Four Oaks Homes v. Smith*, 153 Ga. App. 326, 328 (265 SE2d 76) (1980). However, "[v]erdicts are to be reasonably construed and not avoided unless from necessity. OCGA § 9-12-4. The burden is upon the party attacking a verdict to show its invalidity. [Cit.]" *Hunnicutt v. Hunnicutt*, 182 Ga. App. 578, 579 (356 SE2d 679) (1987). The verdict returned by the jury in the case sub judice was capable of two conflicting interpretations. The finding that Shalmar was covered by appellant lends itself to a construction that the insurance policy appellant issued NARHA also covered Shalmar for the incident in question (thereby implicitly rejecting appellant's argument that the policy was void due to a breach of warranty therein, see Division 2), and that Shalmar was entitled under the policy both to a defense by appellant in Bruce's suit against Shalmar and also to the proceeds of the policy should Bruce be successful in her suit. However, the jury's finding that Bruce is not cov-

ered by appellant can be interpreted as providing that even if Bruce should prevail in her suit against Shalmar, appellant need not provide Bruce with the proceeds of the insurance policy either directly or secondarily, as Shalmar's insurer. Even construing the verdict in the light of the pleadings and evidence, we are unable to establish with substantial certainty which of these two conflicting interpretations was the true intent of the jury here. Compare *Patterson v. Loggins*, 142 Ga. App. 868, 869 (3) (237 SE2d 469) (1977).

"Where such an inconsistent and void verdict is returned by the jury, it is proper for the trial judge to refuse to receive the verdict, and to require them to return for further deliberations, under proper instructions. [Cits.]" *Thompson v. Ingram*, 226 Ga. 668, 671 (2) (177 SE2d 61) (1970). Upon receipt of the above verdict the trial court initially did refuse to accept it and, after discussion with counsel, submitted interrogatories to the jury and properly required them to deliberate further on the matter. The jury was unable to understand the interrogatories, however, and the record reveals that after extensive discussion between court and counsel (during which numerous suggestions to clarify the matter for the jury were made), the failure to formulate interrogatories acceptable to all the parties prompted the trial court to accept the original verdict, upon it being signed and dated, over timely objections by appellant. Thus, the corrective action sought to be taken was ineffectual, and the verdict received by the court was too uncertain to be the basis of a valid judgment. See generally id.; *Four Oaks Homes*, supra. "It is the duty of a trial judge not to receive an indefinite, imperfect or ambiguous verdict." *White v. Archer Daniels Midland Co.*, 180 Ga. App. 829, 830 (5) (350 SE2d 788) (1986). Accordingly, the trial court erred by failing to set aside the ambiguous verdict returned by the jury and by not granting appellant's motion for a new trial.

2. Appellant contends the trial court erred by denying its motion for judgment n.o.v., asserting that judgment in its favor was demanded as a matter of law. Appellant's argument is based upon the provisions in the accidental injury policy appellant issued NARHA. That policy insured "[a]ll participants and instructors" in the equestrian activities promoted by NARHA and its local chapters and provided that NARHA warranted that "[a]ll participants must provide a written consent form signed by a physician. . . . Failure to comply with this warranty shall render this policy null and void." An endorsement to the policy provided that it was "mutually agreed and understood that the volunteers, coaches, chaperones, and employees are added as additional insured[s], but only while working in the scope of their duties in conjunction with [NARHA]." The policy contained no definition of "participant," "volunteers," or other terms used.

Appellant contends Bruce was a "participant" under the policy and because the evidence uncontrovertedly established that Bruce did not provide Shalmar with a written consent form signed by a physician, the warranty in the insurance policy was breached and the policy was void. However, the evidence adduced at trial fails to support appellant's contention. At trial, both Shalmar's manager, Margaret Koger, by deposition, and Bruce testified that Bruce was not a participant. Rather, Bruce explained that she was a state employee in the Division of Rehabilitation Services in the Department of Human Resources, and that she visited the Shalmar stable on a field trip to observe Shalmar's facilities in order to determine whether Shalmar could be recommended to people with disabilities. Bruce, who is disabled and uses a wheelchair, stated that she went to Shalmar by herself, meeting others who arrived independently, and that several hours after her arrival, Koger encouraged her to get on a horse in order to set an example for several others who were afraid to ride and to show them that "it wasn't anything to be afraid of, that it was something we could all do." Koger categorized Bruce as a volunteer because Bruce was helping Shalmar to promote its program.

Appellant misrepresents the record when it asserts that the trial court concluded that the insurance policy in question was clear and unambiguous. Rather, the trial court determined that the policy contained numerous ambiguities which could not be resolved by the application of the rules of construction, thereby requiring jury consideration of the policy. We do not agree with appellant's alternate argument that the trial court failed to interpret the policy according to the applicable rules of construction. " 'There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity. [Cit.]' [Cit.]" *Cincinnati Ins. Co. v. Page*, 188 Ga. App. 876, 878 (374 SE2d 768) (1988).

An ambiguity exists in the interpretation to be given the term "participant." It is unclear whether "participants" covered (1) everyone who shared in the activities (except for instructors, for whom no doctor's consent form was required), or (2) only those individuals for whom the Shalmar program was initiated and intended to benefit, who participated or intended to participate in the riding program itself. To accept the first definition so as to include as a "participant" anyone who happens to share in the activities at Shalmar would necessarily render redundant at least three of the four categories included in the policy by endorsement, namely, "volunteers, coaches, chaperones, and employees." Further, such a construction would be

the least favorable to the insured in that all volunteers, chaperones, and employees, as "participants," would have to provide a doctor's consent in order to prevent breaching the warranty and voiding the policy.

Appellant failed to provide a definition or explanation in the policy of the critical term "participants." " 'Exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms.' [Cit.] In brief, although the cardinal rule of construction is to ascertain the intention of the parties, if the language is susceptible to two different constructions the one most favorable to the insured will be adopted. [Cit.]" *St. Paul &c. Ins. Co. v. Snitzer*, 183 Ga. App. 395, 397 (1) (358 SE2d 925) (1987). Thus, we do not agree with appellant's alternate argument that the rules of construction, when applied to the ambiguity in the policy, result in an interpretation favorable to appellant. Accordingly, we find no error in the trial court's denial of appellant's motion for judgment n.o.v. See generally *White Repair &c. Co. v. Daniel*, 171 Ga. App. 501, 503 (1) (320 SE2d 205) (1984).

3. Our holding in Division 1 renders it unnecessary to address appellant's remaining enumeration in that it raises an issue unlikely to occur upon retrial.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1989.

*George H. Connell, Jr.*, for appellant.
*Robert A. Falanga, Smith, Gambrell & Russell, James H. Bratton, Jr.*, for appellees.

