A90A2190. COPY SYSTEMS OF SAVANNAH, INC. v. PAGE.
(398 SE2d 784)

DEEN, Presiding Judge.

Appellee Chris W. Page sued appellant Copy Systems of Savannah seeking to recover a bonus he claimed to be due as a former employee under a provision of the company's incentive Bonus Plan. This provision recited as follows:

## "MANAGER'S BONUS POOL:

Qualifying Managers will participate in bonuses based on the consolidated financial statements of Copy Systems. The participation rate for the managers is expressed as a % of profits and is based on greater participation rates for greater profit levels. The profit levels and participation rates are as follows:

| PROFIT AMOUNT | AVAILABLE BONUS |
|---|---|
| $100,000 - $150,000 | 15.0% of before tax profit |
| 151,000 - 250,000 | 17.5% of before tax profit |
| 251,000 - 350,000 | 20.0% of before tax profit |
| 351,000 + | 22.5% of before tax profit" |

Copy Systems' before-tax profit for the year in question was $125,373.99. Page was entitled to receive 40 percent of the bonus pool under the Plan, and he contended that his share of the before-tax profit was 40 percent of 15 percent of $125,373.99, or $7,522.44. Copy Systems argued that the "Available Bonus" was intended to be calculated by applying the graduated percentages only to that portion of the total profit falling within the specified ranges of the "Profit Amount"; that is, in the present case, 40 percent of 15 percent of the amount of profit between $100,000 and $150,000, or $25,373.99. In the alternative, Copy Systems asserted that the contract presented an ambiguity requiring jury determination. The trial court ruled that the language of the provision was unambiguous that the percentage of each profit range should be applied to the total amount of before-tax profit to calculate the available bonus pool. Copy Systems appeals from the grant of Page's motion for summary judgment. *Held*:

" 'There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity. *Travelers Ins. Co. [v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986)].' *Travelers Ins. Co. v. Blakey*, 180 Ga. App. 520 (349 SE2d 474) [1986]. 'The existence or non-existence of ambiguity is always a question of law for the court. [Cit.]' [Cit.]" *Stover & Sons v. Harry Norman, Inc.*, 187 Ga. App. 514, 515-516 (2) (370 SE2d 776) (1988).

We find no error here. Whether or not the interpretation of the provision sought by appellant "might be more sensible from a business point of view," as it advocates, "this court will not rewrite the agreement the parties made, for courts are not at liberty to revise

contracts even when construing them. [Cit.]" *Main Station v. Atel I*, 190 Ga. App. 205, 208 (378 SE2d 393) (1989). If appellant had intended the clear and unambiguous phrase "before-tax profit" to mean "a portion of before tax profit within a certain range," it should have so stated. "Where the language of the contract is plain, unambiguous, and capable of only one reasonable interpretation, no other construction is permissible. [Cits.] The trial court accordingly did not err in granting the appellee's motion for summary judgment . . ." *Reuss v. Time Ins. Co.*, 177 Ga. App. 672, 673 (340 SE2d 625) (1986).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 30, 1990.

*McCorkle, Pedigo, Hunter & Johnson, David H. Johnson*, for appellant.

*Middleton & Anderson, Michael K. Mixson*, for appellee.