A92A1123. JARAYSI v. YATES.
(424 SE2d 793)

ANDREWS, Judge.
Jar]aysi sued Yates alleging that after they entered into a contract under which Yates agreed to purchase real property from Jaraysi, Yates refused to complete the purchase and breached the contract. Jaraysi sold the property to another purchaser for a lesser price and sued to recover the deficiency plus expenses incurred in the sale, less the earnest money paid by Yates under the contract. The trial court granted Yates' motions for a directed verdict, ruling that the contract was unenforceable because the terms by which the purchase price was to be paid were inconsistent, and ordering Jaraysi to return the earnest money.

Pretermitting Jaraysi's argument that the alleged inconsistency in the contract terms was waived because this defense was not included in the pre-trial order, we find no inconsistency or other ambi-

guity in the purchase price terms. The contract provides for a sales price of $366,000 to be paid as follows: "At the time of closing the Purchaser shall pay the Seller THIRTY THOUSAND ($30,000.00) Dollars cash and the balance of THREE HUNDRED THIRTY SIX THOUSAND ($336,000.00) Dollars shall be in the form of one purchase money note from Purchaser to Seller, secured by a first deed to secure debt covering the above described property, bearing interest at the rate of 10% per annum on the unpaid balance, payable in successive monthly payments of $2,948.64 each including principal and interest, for a period of 360 months. The first monthly payment shall be due on February 1, 1990. The said money note shall be due in full on December 31, 1992 for the remaining principal as a balloon payment."

Yates contended that this language provided for two inconsistent methods of payment, one for consecutive monthly payments of $2,948.64 for 360 months, and another for monthly payments for only two years followed by the balloon payment on December 31, 1992. The contract cannot be reasonably construed as Yates contends. After a cash payment of $30,000, the contract provided that the $336,000 balance was to be paid under the terms of the note. The 360-month period is not the agreed upon term for full payment of the note, but represents the 30-year period on which the monthly amortization payments were fixed. The contract clearly provides that the note is due in full in the December 31, 1992 balloon payment.

The existence or non-existence of ambiguity in a contract is a question of law for the court. *Copy Systems of Savannah v. Page*, 197 Ga. App. 435, 436 (398 SE2d 784) (1990); *Salvatori Corp. v. Rubin*, 159 Ga. App. 369, 372 (283 SE2d 326) (1981). Since we find no ambiguity, the trial court erred by granting Yates' motions for directed verdict.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 8, 1992 —
RECONSIDERATION DENIED NOVEMBER 9, 1992

*Christopher J. McFadden*, for appellant.
*Smith, Eubanks, Smith & Darden, David P. Darden*, for appellee.