## A98A0981. DOCUTRONICS, INC. v. REITMAN.
(509 SE2d 348)

SMITH, Judge.

This appeal presents the limited issue of whether a jury verdict was inconsistent in its award of damages to the parties on their claims and cross-claims below. Appellant Docutronics, Inc. contends that the verdict was contradictory and ambiguous, because the jury inconsistently awarded damages, including punitive damages, against Docutronics on Pyramid Technology Corporation's fraudulent conveyance claim, while declining to award damages on Docutronics's cross-claim against its shareholders to return unlawful distributions.[1] We agree and reverse.

This litigation arose from the failure of Docutronics, a Delaware corporation in the business of selling computer systems. Docutronics's hardware vendor, Pyramid, sued Docutronics for return of a $500,000 advance against royalties, claiming breach of a "value added reseller agreement." Pyramid later amended its complaint to sue the corporation and its shareholders and directors under a theory of fraudulent conveyance, alleging that Docutronics paid bonuses and redeemed its shareholders' stock with money that should have been used to repay Pyramid's advance. Docutronics cross-claimed against Jacquith and Reitman, two directors and shareholders, seeking return of the distributions they received.

---

[1] Only one of the directors, Reitman, has filed a brief with this Court. Docutronics and director Sorensen have settled with Pyramid; the other director, Jacquith, has filed no brief, and the parties state that he cannot be located.

At trial, the jury returned a special verdict against Docutronics on both breach of contract and fraudulent conveyance claims and against the directors and shareholders for fraudulent conveyance. The jury also determined that Pyramid was entitled to an award of punitive damages from the directors and shareholders. In a separate verdict the jury awarded punitive damages in varying amounts against the directors and shareholders, finding that each acted "with a specific intent to harm Pyramid." But the jury also found against Docutronics on its cross-claim against the directors. The trial court entered judgment on the verdict and denied Docutronics's motion for new trial. This inconsistency forms the basis of Docutronics's appeal.

The parties agree that Docutronics's cross-claim against its directors properly relies upon the relevant Delaware statutes. 8 Del. C. § 160 (a) (1) forbids the redemption of the capital stock of a corporation "when the capital of the corporation is impaired or when such purchase or redemption would cause any impairment of the capital of the corporation." 8 Del. C. § 174 (a) (1997), governing among other things unlawful stock purchase or redemption, provides that in case of a wilful or negligent violation of § 160 "the directors under whose administration the same may happen shall be jointly and severally liable . . . to the corporation[ ] and to its creditors in the event of its dissolution or insolvency . . . to the full amount unlawfully paid for the purchase or redemption of the corporation's stock, with interest from the time such liability accrued." Subsection (c) of the same Code section provides for the rights of the corporation and subrogation to those rights by directors liable under subsection (a), "against stockholders who received the . . . assets for the sale or redemption of[ ] their stock with knowledge of facts indicating that such . . . redemption was unlawful under this chapter, in proportion to the amounts received by such stockholders respectively."[2] See also *John A. Roebling's Sons Co. v. Mode*, 43 A 480 (Del. Sup. 1899).

"A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside. However, verdicts are to be reasonably construed and not avoided unless from necessity. OCGA § 9-12-4. The burden is upon the party attacking a verdict to show its invalidity." (Citations and punctuation omitted.) *Zurich American Ins. Co. &c. v. Bruce*, 193 Ga. App. 804 (1) (388 SE2d 923) (1989).

The verdict returned by the jury in this case is internally inconsistent. With respect to Pyramid's claims against Docutronics's directors and shareholders, the jury found them liable for fraudulent con-

---

[2] Docutronics seeks only the return of the sums Reitman received for redemption of his shares under subsection (c) of 8 Del. C. § 174.

veyance, found that they "acted with a specific intent to harm Pyramid," and awarded punitive damages against them. Under the law as charged to the jury, a fraudulent conveyance was defined as a conveyance without valuable consideration "by a debtor who is insolvent at the time of the conveyance," OCGA § 18-2-22 (3), or "made with intention to delay or defraud creditors, where such intention is known to the taking party." OCGA § 18-2-22 (2). The trial court then instructed the jury that "a corporation is prohibited from purchasing or redeeming its own shares of stock for cash or other property when the capital of the corporation is impaired or when such purchase or redemption would cause any impairment of the capital of the corporation. A corporation's capital is impaired when the value of its assets is less than the aggregate amount of the value of all the shares of its stock. In effect a corporation is prohibited from redeeming its stock when the purchase diminishes its ability to pay valid debts or lessens the security of the corporation's creditors."[3]

The trial court also instructed the jury that punitive damages could be awarded only if the jury found in favor of Pyramid on its fraudulent conveyance claim and that punitive damages could be awarded against the directors and shareholders only if the jury found clear and convincing evidence that they were guilty of wilful misconduct, malice, fraud, wantonness, oppression, or entire want of care. With respect to Docutronics's cross-claim against its directors and shareholders, the trial court again instructed the jury regarding wrongful redemption and impairment of capital.

Under these instructions, the jury's verdict of no recovery on Docutronics's cross-claim was inconsistent with its finding of a fraudulent conveyance, specific intent to harm, and punitive damages against the directors and shareholders. If the jury found a subsection (3) fraudulent conveyance because Docutronics was insolvent, its capital was by definition impaired, and the jury also found that the directors and shareholders had knowledge of this fact and acted with specific intent to harm Pyramid. If, on the other hand, the jury found a subsection (2) fraudulent conveyance with intention to delay or defraud creditors, it also necessarily found impairment of capital within the meaning of Delaware law as charged to the jury.

In *Jefferson Ins. Co. &c. v. Dunn*, 224 Ga. App. 732, 738-739 (5) (482 SE2d 383) (1997), rev'd on other grounds, 269 Ga. 213 (496 SE2d 696) (1998), this Court considered the construction of OCGA § 18-2-22 (2). "[I]n order for this Code section to apply, so that a conveyance by an insolvent debtor can be attacked by his creditor, it

---

[3] This language, which was requested by Pyramid and unobjected to by Reitman, is taken almost verbatim from *In re Intl. Radiator Co.*, 92 A 255 (1) (Del. Ch. 1914).

must be made to appear that the insolvent debtor actually parted with some valuable asset which belonged to him, and which, if title had been retained, might have been subjected to his debts." (Citation and punctuation omitted.) 224 Ga. App. at 739 (5). This Georgia law not only acknowledges insolvency as part of the facts supporting a finding of fraudulent conveyance under OCGA § 18-2-22 (2), but also mirrors the Delaware definition of "impairment of capital" as diminishing the corporation's ability to pay its debts or lessening creditors' security.

Given the definition of "impairment of capital" provided to the jury, a finding of fraudulent conveyance under either OCGA § 18-2-22 (2) or (3) constitutes a finding that Docutronics's capital was impaired by the stock redemption. In finding a fraudulent conveyance and awarding damages to Pyramid on that claim, and in finding a specific intent to cause harm to Pyramid and awarding punitive damages against the directors and shareholders, the jury necessarily found impairment of capital as well as knowledge on the part of the directors and shareholders. These findings are wholly inconsistent and irreconcilable with the jury's finding against Docutronics on its cross-claim, which required a finding either that no unlawful stock redemption occurred or that the stockholders lacked knowledge of its unlawfulness under 8 Del. C. § 174 (c).

While it is our duty to uphold an ambiguous verdict if possible, "[e]ven construing the verdict in the light of the pleadings and evidence, we are unable to establish with substantial certainty which of these . . . conflicting interpretations was the true intent of the jury here." *Zurich American*, supra at 805 (1). "A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside. Therefore, the trial court erred in denying the parties' motions for new trial." (Citation and punctuation omitted.) *Hilltop Terrace, Ltd. v. Baker*, 261 Ga. 592, 593 (1) (408 SE2d 704) (1991). See also *Bunch v. Mathieson Drive Apts.*, 220 Ga. App. 855, 858 (470 SE2d 895) (1996); *H & H Subs v. Lim*, 213 Ga. App. 371, 372-373 (444 SE2d 404) (1994).

*Judgment reversed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 13, 1998

*Bondurant, Mixson & Elmore, H. Lamar Mixson, Jill A. Pryor, Lynn M. Adam*, for appellant.

*Morris, Manning & Martin, Laureen M. Seeger, Troutman Sanders, Alan W. Loeffler, Sherri M. Graves*, for appellee.