A00A0158. AL-MADINAH PETROLEUM, INC. v. MAHSA, INC.
et al.
(529 SE2d 662)

PHIPPS, Judge.

Al-Madinah Petroleum, Inc. leased a gas station/convenience store to Mahsa, Inc. for 20 years. The lease obligated Mahsa to insure

---

[15] See *K. M.*, supra, 240 Ga. App. at 681.

the property against casualty loss but also authorized Al-Madinah to obtain the insurance if Mahsa failed to comply with its leasehold obligation. Either party could cancel the lease if the building was destroyed to the extent of 50 percent or more of its value. Was Mahsa authorized to cancel the lease after a tornado damaged the store? Did an insurance policy obtained by Al-Madinah relieve Mahsa of its obligation to procure casualty insurance? These are the questions for decision.

This action was brought by Mahsa and its chief executive officer Hassanzadeh (collectively referred to as Mahsa) against Al-Madinah and its CEO Dhanani (collectively referred to as Al-Madinah). In the complaint, Mahsa sought rescission of the lease on the ground that Al-Madinah had fraudulently induced it to enter into the lease by failing to disclose that the leased premises would become the subject of a condemnation proceeding. By counterclaim, Al-Madinah charged Mahsa with breaching the lease by failing to pay rent and taxes.

After these pleadings were filed, the store was substantially damaged by a tornado. Al-Madinah then amended its counterclaim to seek damages based on noncompliance with the lease provision requiring Mahsa to maintain casualty insurance. Mahsa later filed a motion for declaratory judgment that it had properly exercised the other lease provision authorizing lease cancellation upon destruction of the premises.

Finding that casualty insurance was procured by Al-Madinah rather than Mahsa, the trial court entered summary judgment in favor of Mahsa as to the amended counterclaim. Finding that the lease was effectively canceled by Mahsa because of the tornado damage, the court also granted summary judgment to Mahsa on the motion for declaratory judgment. Al-Madinah appeals. *Held*:

The construction of a contract is a question of law for the court.[1] Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[2]

1. The court did not err in granting summary judgment to Mahsa on its request for declaratory judgment.

The lease entitles either Al-Madinah or Mahsa to effect a cancellation upon the occurrence of any of a number of specified events. The lease may be canceled if, among other things, "the building of which [the leased premises are] a part . . . should be damaged to the extent of fifty percent (50%) or more of the then monetary value thereof. . . ."

---

[1] *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986).

[2] OCGA § 9-11-56 (c).

Al-Madinah's own evidence showed that it will cost at least $163,020 to repair the building and that, for insurance purposes, the replacement cost of the building was $258,000. Nonetheless, Al-Madinah argues that Mahsa was not entitled to cancel the lease because the leased premises also include improvements to the property consisting of underground structures (e.g., gas tanks) which are valued at approximately $500,000, so that there was damage to less than 50 percent of the total value of the leased premises. But the cancellation provision of the lease clearly distinguishes between the leased premises and the building of which the leased premises are a part and authorizes cancellation if the damages to the *building* exceed 50 percent of its value. The evidence shows without dispute that damage to the building exceeded the specified threshold.

There is no merit in Al-Madinah's argument that in filing a motion for declaratory judgment, Mahsa in effect moved for summary judgment without complying with Uniform Superior Court Rule 6.5 (requiring statements of each theory of recovery and of each material undisputed fact to be annexed to the motion). Mahsa did not move for summary judgment until after the motion for declaratory judgment was filed and the statements required by Rule 6.5 were annexed to the summary judgment motion.

Documents submitted in support of the motion for declaratory judgment were not objectionable for any reason given by Al-Madinah. Contrary to Al-Madinah's assertions, it appears that statements in Hassanzadeh's affidavit were made on his personal knowledge and other supporting documents were signed and authenticated by Mahsa's attorney. There is no merit in Al-Madinah's argument that OCGA § 9-11-56 (e) required Mahsa to obtain court permission to file affidavits in support of a supplement to its motion for declaratory judgment, as these affidavits did not supplement or oppose any earlier affidavits but rather concerned matters not previously addressed.

2. The court erred in granting summary judgment to Mahsa on Al-Madinah's amended counterclaim.

The lease obligated Mahsa, at its sole cost and expense, to maintain various types of insurance on the property, including casualty insurance. If Mahsa failed to comply with its insurance obligations, the lease authorized Al-Madinah to procure the insurance and require payment of the premiums from Mahsa as additional rent.

It is undisputed that Mahsa did not purchase the required insurance, that Al-Madinah did procure an insurance policy listing the leased premises on its schedule of locations, that the insurer denied Al-Madinah's claim for damages caused by the tornado on the ground that the leased premises were not covered by the policy at the time of the tornado, and that a resulting lawsuit by Al-Madinah against the

insurer is currently pending.

Al-Madinah asserts that it did not procure this policy in lieu of the insurance which Mahsa was obligated to obtain but simply made claim on the policy when it discovered that Mahsa had not insured the property against casualty loss. Mahsa does not dispute this assertion or otherwise claim that it failed to maintain the required insurance in reliance on actions taken by Al-Madinah. Under the circumstances, Mahsa was not entitled to summary judgment on the amended counterclaim because there is a genuine issue of material fact on the question of whether insurance coverage in fact exists.

*Judgment affirmed in part and reversed in part. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 2000 —
RECONSIDERATION DENIED MARCH 2, 2000.

*Higgins & Dubner, Michael W. Higgins,* for appellant.
*David C. Farshy,* for appellees.

